WALLACE ET AL. *v.* STATE OF INDIANA.

[No. 25,956. Filed November 1, 1932.]

*L. N. Savage* and *W. E. Cox,* for appellants.

*James M. Ogden,* Attorney-General, *Earl B. Stroup,* Deputy Attorney-General, *V. Ed Funk,* Deputy Attorney-General, for the State.

ROLL, C. J.—Appellants were charged, by a grand jury indictment in the Spencer Circuit Court, charging the defendants with having violated the provisions of the Indiana Public Warehouse Act, Sections 14450 and 14451 Burns Rev. St. 1926, Acts 1879, Special Session, p. 231.

The indictment charged in substance that on or about

the 1st day of July, 1927, Donald J. Wallace was vice-president and general manager of the Wallace Milling Company and Roland D. Wallace was secretary and treasurer of the said Wallace Milling Company, and that the two, Donald J. Wallace and Roland D. Wallace, were solely responsible for the management of the said Wallace Milling Company; that the Wallace Milling Company was a corporation organized under and by virtue of the laws of the State of Indiana; that the said Wallace Milling Company was a storage merchant and warehouseman, and was then and there the keeper of a storage room and warehouse in the County of Spencer, State of Indiana, and the said Donald J. Wallace and Roland D. Wallace were then and there holding out to the public generally that the Wallace Milling Company was keeping and operating a storage room and warehouse for the purpose of keeping in store and in caring for wheat and other grain and personal property, and was then and there receiving wheat and other grain and personal property from depositors; that one Robert Widmer, on or about the 1st day of July, 1927, in said county and state, delivered to the Wallace Milling Company and entrusted to it as bailee and in store for him in said warehouse seventy-five (75) bushels and fifty-six (56) pounds of wheat, the property of the said Robert Widmer; that the Wallace Milling Company issued him a receipt for said wheat by R. D. Wallace, which the said Robert Widmer then and there received and still holds; that the said Donald J. Wallace and Roland D. Wallace, without the written consent of said Robert Widmer, unlawfully, feloniously, willfully and purposely sold, shipped and removed beyond their immediate control the said wheat, and did then and there unlawfully, feloniously, willfully and purposely convert to their own use all of the said wheat, etc.

Appellants filed a motion to quash the indictment on

the ground that the facts stated in the indictment do not constitute a public offense, and (2) that the indictment does not state the offense with sufficient certainty. The court overruled the motion to quash and this action of the court is assigned as appellant's first assignment of error, and makes the following points in support thereof: (1) The indictment does not affirmatively disclose that the indictment was found by the grand jury of the County of Spencer, Indiana, where the offense is alleged to have been committed and in which the court trying the cause was held. (2) The record discloses that a grand jury was impaneled for the April term of the Spencer Circuit Court on April 29, 1929, and subsequently returned into open court as true bills certain indictments numbered 3181 to 3188, inclusive. The indictment in this court purports to have been returned by this same grand jury, and is designated as cause No. 3197. (3) The record does not affirmatively disclose that the indictment was filed in the office of the clerk of the Circuit Court of Spencer County. (4) The record does not affirmatively disclose that the indictment was ever recorded by the clerk of the Circuit Court of Spencer County. (5) The indictment does not affirmatively disclose that the indictment was endorsed by the foreman of the grand jury "a true bill," and his name subscribed thereon as foreman.

The record as shown by the original transcript as filed in this court shows the defects above set out. After the transcript was filed in this court on November 19, 1930, and appellants' original brief February 16, 1931, in which the above defects in the record were pointed out, the Attorney-General filed a petition in the Spencer Circuit Court, in which petition it was stated that the original indictment was missing from the records of the clerk's office; that the same had been removed or lost and could not be found; that in preparing the record

for the purpose of appeal, for some reason unknown to the State of Indiana, its agents and attorneys, the endorsements on said indictment returned by the grand jury of Spencer County were not included in, nor made a part of, the transcript as filed in the Supreme Court.

The State presented with said petition a purported copy of the body of the indictment as certified to by the Clerk of Spencer Circuit Court on appeal and as shown by the court's instructions, wherein the indictment was copied into the court's instruction. Also the parts of said indictment which were omitted from the record were substituted upon information and knowledge of the clerk and prosecuting attorney of Spencer County.

Notice of the filing and of the time the above mentioned petition would be heard was duly given to appellants, and upon the hearing evidence was introduced to support the allegations in the petition. The allegations were fully sustained by the sworn testimony of the clerk and prosecuting attorney, and, also, evidence was introduced to the effect that the indictment was taken out of the clerk's office by appellant's counsel, and that they prepared the transcript of this case on appeal.

Upon the showing thus made by the state on its petition to substitute the copy, together with the endorsements thereon, the court sustained the motion and ordered the substitution.

After the substitution was made, the state applied to this court for a writ of certiorari to have the full record of the proceeding above mentioned brought up, and also a full record of the proceeding of the grand jury, which was ordered by this court, and the clerk certified up the record as requested in the writ.

The record as it now stands fully and completely meets all of the objections raised by appellant and supplies all the defects complained of and set out above, and, therefore, there was no error in overruling appellants' mo-

tion to quash on the first four reasons discussed in their brief.

The fifth point made by appellants on the question of the sufficiency of the indictment is, that the indictment does not charge the date of the commission of the alleged offense with sufficient certainty to show the alleged crime to have been committed within the statute of limitations.

This contention cannot be sustained, for the indictment charges the receipt of the grain on July 1, 1927, and also contains the allegation that, "and they did then and there unlawfully, etc.," therefore charging the commission of the crime on July 1, 1927. The indictment was returned May 8, 1929, and a bench warrant ordered on that day. We, therefore, find no reversible error in overruling appellants' motion to quash.

Appellants' second proposition presents no question for review for the reason that it is not supported by any "points and authorities"; the proposition being that the trial court erred in receiving in evidence over the objection and exception of the defendants certain exhibits. Appellants make no point on the introduction of this evidence and cites the court to no authority to support their position. *Wallace* v. *State* (1925), 196 Ind. 509, 149 N. E. 57.

Appellants' propositions Nos. 2 to 18, inclusive, are objections to the introduction in evidence of State's exhibits Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, and 18; these exhibits being what purported to be outstanding and unredeemed receipts for wheat in various amounts executed by the Wallace Milling Company to various depositors of wheat. Appellants' objection to the introduction of these receipts is that the exhibits were introduced, as they state in their brief, to create in the minds of the jury a belief that the defendants had committed other offenses than the

one for which they were then brought to trial; their point being, that evidence of the commission of other and similar offenses by the defendants is admissible only in cases where the intent with which the act was committed constituted the gravamen of the action, or where intent is an issue in the case; that, under the provisions of the statute (Sec. 14450 Burns 1926, *supra*), intent is not an issue, and, therefore, evidence of the commission of other and similar crimes are not competent.

We cannot agree with appellants in their contention on this point.

Appellants were engaged in the warehouse business, receiving grain for storage from various grain growers in Spencer and surrounding counties. The wheat so received by appellants was stored in their elevator with other grain, thereby becoming mixed and commingled with the grain stored by other depositors. Grain thus stored belongs to all of the depositors as tenants in common, each owning an undivided pro rata share of the whole amount so deposited.

The evidence objected to showed that Robert Widmer and others had stored several hundred bushels of wheat with the Wallace Milling Company, besides some twenty thousand bushels covered by United States warehouse receipts, and that at the time the receiver was appointed, in 1928, there was only ten bushels of wheat in the elevator at Dale, and about two hundred bushels at Huntingburg. There was, therefore, an insufficient amount of wheat in the possession of the Wallace Milling Company to redeem all the outstanding receipts, and, therefore, the exhibits were competent and material to prove that appellants had sold or shipped beyond their immediate control a portion, at least, of the wheat belonging to Robert Widmer.

We also think the evidence was competent to show intent or guilty knowledge. Section 14451 Burns Stat-

ute 1926, being the penal section of the Warehouse act, reads in part as follows: "Any warehouseman or person who shall willfully, knowingly and purposely violate, etc." From the wording of the statute, we think the legislature intended that purpose and knowledge should be an issue, and should be shown by evidence. In such cases proof of other crimes or occurrences of similar nature is admissible where the crime under investigation has been clearly established, and the motive, intent, or guilty knowledge is in issue. *Underhill* v. *State* (1916), 185 Ind. 587, 114 N. E. 88; *Kahn* v. *State* (1914), 182 Ind. 1, 105 N. E. 385.

It will also be noted that the punishment as prescribed by §14451, *supra,* is as follows: "and upon conviction, shall be fined in any sum not exceeding five thousand dollars, and shall be imprisoned in the state prison for any determinate period not exceeding five years."

The purpose and object of punishment, in criminal cases, is to deter others from crime and thus protect the community, as well as, when life is not taken, to reform the offender. On the one hand punishment will not be inflicted unless deserved, while on the other hand, it will not be imposed unless for conservation of the public good. 1 Bishop Cr. Law, §210.

Punishment should always be commensurate with, but never in excess of, the purpose of the law as thus understood. The degree of punishment to be inflicted is, in the first instance, a matter for legislative control; but when the legislature has prescribed punishment in the alternative, or within certain defined limits, thereby vesting jurisdiction in the courts to determine which, or within the limits fixed, what penalty shall be inflicted in the particular case, the court is called upon to determine what punishment the turpitude of the offense proved, on the one hand, and protection to society on the other, demands.

It was not within the legislative contemplation that all persons convicted under this act should receive the same punishment. One may be sentenced for one year, and another for five years. One may have been guilty of a technical violation of the statute, involving no considerable degree of moral turpitude and from which no considerable injury could be inflicted upon the public; the other, committed the offense under the most flagrant circumstances, showing a willful and deliberate purpose to inflict injury. In such case the court must determine what, within the limits prescribed by the Legislature, is adequate punishment. This, manifestly, can be justly and properly done only by a consideration of the facts and circumstances attendant upon its perpetration, and which characterizes the purpose and motive in, and effect of, its commission.

If the evidence is to be confined to proof of the corpus delicti, what is there upon which to determine what, within the limits, shall be their punishment? It was, we think, competent for the state to prove, by the exhibits above mentioned, other and similar transactions, for the purpose of enabling the court to determine what punishment, within the limits prescribed by the Legislature, is adequate punishment. This, manifestly, can be justly and properly done only by a consideration of the facts and circumstances attendant upon its perpetration, and which characterizes the purpose and motive in, and effect of, its commission.

Appellants' next contention is that the court should have instructed the jury to return a verdict for the defendants, because there was no evidence that the crime was committed in Spencer County where the crime is alleged to have been committed. The evidence shows that the wheat of Robert Widmer was delivered to the Wallace Milling Company at Dale, in Spencer County, Indiana, and received by them at that

place, and a receipt therefor issued to him. The evidence further shows that at the time the receiver was appointed in 1928, only ten bushels of wheat remained in the warehouse at Dale, and only about two hundred bushels at Huntingburg. Also, what flour remaining at Dale was upon orders of the appellants shipped from Dale to Huntingburg. As shown above, the greater part of Robert Widmer's wheat, which had been deposited with the Wallace Milling Company at Dale, had been disposed of by appellants. One who has violated the warehouse act by unlawfully disposing of wheat or other personal property deposited with him, should not be permitted to escape the consequences of his act by merely transfering the property from one of his warehouses located in one county to another of his warehouses located in another county before final shipment. Venue in a criminal case is a fact to be proven, and we think the evidence was sufficient to warrant the court in submitting the question to the jury.

The last error complained of by appellants is that the court erred in refusing, upon motion of appellants, to submit to the jury certain forms of verdict. This motion was not made before argument in the case was had and was not included in the requested instructions tendered to the court by appellants. Section 2301, cl. 6, Burns Statute 1926.

The form of verdict submitted to the jury by the court provided for the jury to fix the punishment. The form requested by appellants provided only for the finding of appellants' age in the event they found them guilty. It is the contention of appellants that it was the duty of the court, and not the jury, to fix the amount of punishment. This, we think, is correct, and therefore, if the jury, by their verdict fixes the punishment, it will be treated as surplusage by the court, and in no wise affects the validity of the verdict. *Mahok*

v. *State* (1931), 202 Ind. 473, 174 N. E. 281; *Davis* v. *State* (1899), 152 Ind. 145, 151, 152, 52 N. E. 754; *Veatch* v. *State* (1878), 60 Ind. 291, 292, 293. An instruction directing the jury to assess the punishment if they found the defendant guilty, when under the law they could determine only the question of guilt or innocence, is harmless. *Veatch* v. *State, supra; Henderson* v. *People* (1897), 165 Ill. 607, 46 N. E. 711.

We have carefully examined all points presented by appellants' brief and find no reversible error.

Judgment affirmed.

Martin, J., absent.