POWELL *v.* STATE OF INDIANA.

[No. 31,174. Filed May 23, 1968. Rehearing denied July 11, 1968.]

*Symmes, Fleming, Ober & Symmes,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Duejean C. Garrett,* Deputy Attorney General, for appellee.

PER CURIAM.—Appellant was convicted of driving a car while under the influence of intoxicating liquor resulting in a death. After a trial by jury the following verdict was returned:

> "We, the Jury, find the defendant, Lester L. Powell, guilty of Driving While Under the Influence of Intoxicating Liquor, a Felony, and that he is 46 years of age. (leaving the matter of punishment to the Court.)"

Pursuant to Burns' Ind. Stat. Anno. § 47-2001 (b) (1), (1967 Cum. Supp.), appellant was sentenced to an indeterminate period of not less than one nor more than five (5) years. Appellant contends that the verdict of the jury is contrary to law because it is not sustained by sufficient evidence.

Burns' § 47-2001 (b) (1), *supra,* reads as follows:

". . . Driving While under the Influence of Intoxicating Liquor or Narcotic Drugs. Any person who drives a vehicle while such person is under the influence of intoxicating liquor or of narcotic or other habit-forming drugs shall be guilty of a criminal offense. (1) Any person who while under the influence of intoxicating liquor or narcotic or other habit-forming drugs drives a vehicle and when so driving causes the death of another person, is guilty of a felony and, upon conviction shall be imprisoned for an indeterminate period of not less than one (1) year nor more than five (5) years; or shall be imprisoned for an indeterminate period of not less than one (1) year nor more than two (2) years to which shall be added a fine of not less than two hundred fifty dollars ($250) nor more than five thousand dollars ($5,000). . . ."

When the question of the sufficiency of the evidence is raised, the Supreme Court will consider only that evidence most favorable to the state, together with all reasonable and logical inferences which may be drawn therefrom. *Fisher v. State* (1966), 247 Ind. 529, 9 Ind. Dec. 108, 219 N. E. 2d 818; *Tait v. State* (1963), 244 Ind. 35, 188 N. E. 2d 537. Moreover, the Supreme Court on appeal will not weigh the evidence or determine the credibility of witnesses. *Stock v. State* (1966), 247 Ind. 532, 9 Ind. Dec. 121, 219 N. E. 2d 809.

The general rule is that a conviction will be sustained if there is substantial evidence to prove each material allegation of the affidavit. While "substantial evidence" means more than "seeming or imaginary", a verdict upon which reasonable men might differ will not be set aside. *Finch v. State* (1967), 249 Ind. 122, 12 Ind. Dec. 22, 231 N. E. 2d 45.

The evidence indicated that on November 15, 1963, before midnight, a State Police officer received a radio call reporting a bad personal injury accident approximately four miles south of Bloomington on State Road 37.

At the scene of the accident a 1964 Ford sedan was upside down in the driveway of one of the homes along the road. The appellant was present and the state trooper examined the appellant for physical injuries. There was testimony that the appellant's eyes were bloodshot, his face was flushed and he smelled of alcohol. There was further testimony that the appellant inquired whether Arch Stanley, the passenger in the car, had been hurt. The appellant also stated that the automobile in question was owned by an Indianapolis auto firm, although bearing an individual license plate. Appellant was advised of his rights and submitted both to a breath-o-lyzer test and a blood test. Appellant admits in this appeal that there is sufficient evidence to prove that he was under the influence of intoxicating liquor, and that Arch Stanley is dead as a result of the accident. The appellant's statement further indicated that the deceased was a passenger in his automobile.

The state trooper testified that there were skidmarks in the northbound lane at the scene of the accident measuring 149' 10", and that there was evidence the vehicle left the traveled portion of the highway, proceeding across the yard and landing on its top. The automobile traveled 132' from the time it left the road until it stopped. There was expert testimony that the vehicle was traveling 80 miles per hour prior to leaving the road. The weather was clear the night of the accident.

The pathologist who examined the deceased indicated that the cause of death was a basal skull fracture with inner-cranial hemorrhage. There was further testimony that there were no obvious chest wounds or disfiguration of broken bones that could have been caused by a steering wheel. There was additional evidence that the deceased's body was found to the right of the overturned automobile which was the passenger side.

In attempting to state how the accident occurred, appellant stated that he had passed another vehicle when he lost control and went off the roadway.

From the record there was sufficient evidence for a jury to conclude beyond a reasonable doubt that appellant was in fact the driver.

Under Burns' § 47-2001(b), *supra,* the state was required to prove that the appellant drove a vehicle while under the influence of intoxicating liquor and while so driving caused the death of the passenger.

It has been established in this state that the material allegations incident to the offense charged must be proved beyond a reasonable doubt; *Rhoades* v. *State* (1946), 224 Ind. 569, 70 N. E. 2d 27. Allegations not essential to such purpose, which can be entirely omitted without affecting the sufficiency of the charge against the defendant, are considered as mere surplusage and may be disregarded.

Burns' § 9-1127(6) reads as follows:

"For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged."

See *Crickmore* v. *State* (1938), 213 Ind. 586, 12 N. E. 2d 266.

Count (3) of the affidavit, charging appellant with the felony, reads in part as follows:

". . . Lester L. Powell on the 15th day of November, 1963, . . . did then and there unlawfully and feloniously cause the death of another person, to-wit: Arch A. Stanley, by unlawfully driving and operating a motor vehicle, to-wit: a 1964 Ford automobile, in a general northerly direction upon State Highway 37 . . . in the vicnity of the intersection of said Highway No. 37 and Dillman Road . . . and that at such time and place the said Lester L. Powell operated such vehicle while he . . . was under the influence of intoxicating liquor, and as the proximate result of and because he was under the influence of intoxicating liquor, the said Lester L. Powell lost control of said motor vehicle, then and there and thereby operating said motor vehicle from the roadway, then and there and thereby causing said motor vehicle to be overturned, then and there and thereby causing Arch A. Stanley to be hurled about the interior of said motor vehicle in which he was an occupant, then and there

and thereby inflicting mortal wounds and injuries upon the body of the said Arch A. Stanley, from which wounds and injuries the said Arch A. Stanley then and there and thereby died; and the said mortal wounds and injuries and death of the said Arch A. Stanley were proximately caused and were the direct result of the aforementioned acts of the said Lester L. Powell in operating and driving said car (while under the influence of intoxicating liquor). . ."

In the above affidavit "as proximate result of" is surplusage and may be disregarded. The general rule of Indiana criminal procedure is that "what is unnecessary to allege is automatically unnecessary to prove"; *Marks* v. *State* (1942), 220 Ind. 9, 40 N. E. 2d 108.

Nevertheless, from the record in the case on appeal there appears to be sufficient evidence for the jury to conclude beyond a reasonable doubt that appellant's intoxication was a substantial and proximate cause of the loss of control and consequent fatal accident.

Appellant further contended the verdict is void and contrary to law because the jury failed to assess the penalty.

It is pointed out Burns' § 47-2001 (b) (1), *supra,* makes the provision for punishment. Furthermore, Burns' § 9-1819 provides the following:

"When the defendant is found guilty the jury, except in the cases provided for, in the next three (two) sections, must state, in the verdict, the amount of fine and the punishment to be inflicted; . . ."

The following two sections constitute the Indeterminate Sentence Law and provide as follows:

"In all cases of felony tried hereafter, before any court or jury of this state, if the court or jury find the person on trial guilty of a felony, it shall be the duty of such court or jury to further find and state whether or not the defendant is over sixteen (16) years of age and less than thirty (30) years of age. If such defendant is found to be between said ages. . . it shall only be stated in the finding of the court or the verdict of the jury that the defendant is guilty of the

crime charged, naming it, and that his age is that found to be his true age. . . . (Burns' § 9-1820)

"Whenever any male person thirty (30) years of age or over, shall be on trial for any felony, except treason or murder, the court or jury trying the cause shall ascertain only his age and whether he is guilty of the offense charged; . . . (Burns' § 9-1821)"

It is clear that the jury found the appellant guilty of a felony and the conviction in this case falls within the purview of the Indiana Sentence Statutes. This court has ██ held that in such a situation the jury has no jurisdiction to fix the amount of punishment; *Wallace* v. *State* (1932), 204 Ind. 68, 183 N. E. 29.

It is to be noted that the attorney for the appellant made no objection to the instruction given by the court concerning the appropriate verdict. Nor did the appellant, through his attorney, make any objection to the sentence rendered by the court; nor was there any motion made to correct the verdict before the jury was dismissed.

As to the matter of the court's instructions, the court in its instruction #4, the pertinent part as set forth below gave the jury the following choice of verdicts to which the appellant took no exception:

". . . . If you find the defendant, Lester L. Powell, guilty of Driving While Under the Influence of Intoxicating Liquor, a felony, as charged in the approved affidavit, you will so say by your verdict, and the form of your verdict may be:

"We, the Jury, find the defendant, Lester L. Powell, guilty of Driving While Under the Influence of Intoxicating Liquor, a felony, and that he is — years of age." (Leaving the matter of punishment to the Court.)

or

"We, the Jury, find the defendant, Lester L. Powell, guilty of Driving While Under the Influence of Intoxicating Liquor, a felony, and that he is — years of age (leaving the matter of punishment to the Court) and that he be fined

in the sum of $————— (filling in a sum of not less than $250 nor more than $5,000)."

It is obvious from the form of the verdict returned that the jury, in fact, designated the first of the above instructions rather than the second since Burns' § 47-2001 (b) (1), *supra,* provided by way of punishment only two alternatives: the first, for a period of one (1) year to five (5) years without any fine and the alternative punishment, for one (1) year nor more than two (2) years to which shall be added a fine. Thus, neither the jury nor the Judge did more than follow a perfunctory procedure with the verdict and sentencing.

Appellant's contention, that the Indeterminate Sentence Laws permit the court to impose sentence only because no discretion is involved, is not supported by authority. In *Hutton* v. *State* (1965), 246 Ind. 589, 207 N. E. 2d 816 this court held that if no authority is cited for a proposition, the alleged error is waived.

The judgment of the Circuit Court is affirmed.

Lewis, C. J., Arterburn, Hunter, Mote, JJ., concur; Jackson, J. concurs in result.

NOTE.—Reported in 237 N. E. 2d 95.