ELIJAH RUSH v. STATE OF INDIANA.

[No. 570S100. Filed February 22, 1973.]

*Nick J. Thiros, Cohen and Thiros,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

HUNTER, J.—This is a belated appeal by Elijah Rush, appellant (defendant below) from a conviction in the Lake Criminal Court for causing a death while driving under the influence of intoxicating liquor.* He was charged by affidavit and subsequently tried by a jury, which returned a guilty verdict on February 5, 1969. On February 17, 1969 the appellant was sentenced to the Indiana State Prison for a term of one to five years. A motion for a new trial was entertained and overruled by the trial court. Appellant's petition for permission to file a belated appeal was granted on May 12, 1970 by this Court. The case was appealed directly to the Supreme Court because it is a criminal appeal filed prior to January 1, 1972, the effective date of the new judicial article.

Appellant does not contest the validity of the jury's findings but does question the participation of the jury in the formulation of the sentence. He posits the following propositions as the basis for his appeal: A jury determining the guilt or innocence of a defendant charged with the commission of a felony, the penalty for which is an *indeterminate* sentence, *may not* impose the sentence on the defendant. The jury's

---

* This case was re-assigned to this office on January 17, 1973.

only functions are to ascertain the defendant's age and determine his guilt or innocence.

The case at bar involves an offense calling for two alternative indeterminate sentences. Appellant contends that the jury operated outside of its scope of authority by entering "one to five" on its verdict form. He argues that such a usurpation of the trial court's power: (1) renders that portion of the verdict assessing punishment a nullity, and (2) had a prejudicial effect on the trial court, i.e., the trial court would necessarily feel compelled to comply with the determination of the jury and not apply the alternate sentence (1-2 years plus a fine).

We concur with the appellant's proposition that juries have no jurisdiction to fix the amount of punishment in cases concerning indeterminate sentences. See *Powell* v. *State* (1968), 250 Ind. 663, 237 N. E. 2d 95 and *Wallace* v. *State* (1932), 204 Ind. 68, 183 N. E. 29. However, we do not believe the jury in fact fixed the punishment in the case at bar.

This Court has consistently held that words added to a jury's verdict, which are not inconsistent with the verdict, should be considered pure surplusage, and hence, insignificant. *Payton* v. *State* (1964), 246 Ind. 401, 206 N. E. 2d 143; *Burnett* v. *State* (1954), 233 Ind. 651, 122 N. E. 2d 468; *Moore* v. *State* (1947), 225 Ind. 357, 75 N. E. 2d 193. More specifically, we have held that in cases involving indeterminate sentences the portion of the verdict fixing the punishment is mere surplusage. *Todd* v. *State* (1948), 226 Ind. 496, 81 N. E. 2d 530.

We have every reason to believe that the trial court fully considered the matter and set the punishment accordingly. The jury returned the verdict on February 5. Thereafter the trial court ordered its probation department to conduct a pre-commitment investigation to be filed on or before February 17. On February 17, after consideration of the report of the

investigation, the court entered judgment on the jury's verdict and fixed the sentence.

Appellant's contention that the jury's verdict had a compelling psychological effect on the trial court is nothing more than a bare allegation unsubstantiated by any showing of fact. This Court will not indulge in such conjecture—especially in light of the trial court's adherence to accepted sentencing procedures.

Even if the trial court had abdicated its duty and allowed the jury to assess either one of the alternative indeterminate sentences, the only remedy available would be a remand to the trial court for re-sentencing. However, in this case there simply is no justification for such remedial action.

For all the foreging reasons, we hold that the trial court's judgment on the verdict should not be disturbed.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 292 N. E. 2d 599.