Kenneth R. HOGAN, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 1178S249.

Supreme Court of Indiana.

Sept. 8, 1980.

John F. Surbeck, Jr., Deputy Public Defender, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged and convicted of robbery resulting in bodily injury to a person, a Class A felony. Appellant was sentenced to thirty years, with an additional penalty of twenty years assessed for aggravating circumstances.

The record reveals that on November 14, 1977, three men entered the home of an elderly couple, Mr. and Mrs. Clever. Mr. Clever was severely beaten about the head and thrown down a flight of stairs. Several personal household items were taken, as well as approximately one hundred seventy-nine dollars in cash. Mr. Clever could not identify the appellant during the trial because the victim's glasses were removed prior to the assault. However, two fingerprints and a palm print on articles in the Clever home were identified by expert witnesses as the appellant's. There was evidence that the appellant had not been invited or permitted to enter the home of the victims.

Appellant first claims the trial court erred in overruling his objection to evidence that he had retained a fingerprint expert for purposes of trial preparation and the evidence concerning that expert's opinion. However, this issue was not properly preserved for appeal. Counsel for appellant failed to state the grounds for his objection, although questioned by the court, thereby waiving the issue for review. *Beasley v. State* (1977) 267 Ind. 396, 370 N.E.2d 360.

Appellant alleges the trial court erred when the trial judge and bailiff entered the jury room and conversed with the jury during its deliberation. The trial judge received a note from the jury which asked, "Of what consideration do we give verdict III and IV?" After reading the note, the judge entered the jury room for approximately four to six minutes. During that period the bailiff stood at the door to the jury room. A statement of a woman in the courtroom at the time of this occurrence was reduced to writing and attached to the motion to correct errors. The attorney also filed an affidavit with the motion to correct errors as to his conversation with the trial judge concerning his actions. No hearing was held on appellant's motion to correct errors nor did the trial court make any further explanation on the record of his conduct at the time.

On March 13, 1979, the trial judge filed an affidavit to correct the record, pursuant to AP 7.2(C)(1). The judge's affidavit reads as follows:

"The entire conversation between the judge and jury lasted approximately one minute and discussion was limited entirely to the question of lunch.

"The judge had no further contact with the jurors until they returned a verdict approximately one hour later.

"As trial judge in the case herein, I have no recollection or knowledge whatsoever of the note referred to in Defendant's brief.

"At no time did I, or would I as the trial judge talk to any prospective juror, or a selected juror, about evidentiary matters or matters of law, in regard to any case at any time before, during, or after the trial and verdict except from the bench."

Upon receipt of this affidavit, this Court appointed a special judge and ordered a hearing on specification numbered V of appellant's motion to correct errors. In denying appellant's motion to correct errors, the special judge found that:

"4. Thieme went to the door of the jury room and while standing at the door or just inside the jury room, in response to the jury's question, told the jurors to 'read the instructions.'

"5. None of the jurors called as witnesses recall Thieme speaking to them about having lunch but all did recall that his answers to any questions which were asked were 'read the instructions.'

"6. That Thieme's communications with the jurors did not affect the defendant's substantive rights and therefore constituted harmless error."

 The law is clear that the judge may not interfere with jury deliberations or invade the sanctity of the jury room. IC 34–1–21–6 [Burns 1973]. The statute requires the court to conduct all conversations with the jury "[in the courtroom and] in the presence of, or after notice to, the parties or their attorneys." This statute is applicable to criminal prosecutions. *Ortiz v. State* (1976) 265 Ind. 549, 356 N.E.2d 1188. The record of the hearing on appellant's motion to correct errors discloses the nature and substance of the judge's conversation by the testimony of several persons who served as jurors. Although the trial judge committed error by entering in the discussion with the jury, the record in the instant case discloses that error to have been harmless.

 Appellant claims the sentence is unduly severe under all of the circumstances. The jury returned the verdict of guilty of the offense of armed robbery resulting in bodily injury to a person. However, the jury appended its own handwritten statement, which stated: "However, we, the jury, do not feel that the defendant directly inflicted bodily injury." Appellant argues that the jury's handwritten addendum to the prepared verdict form constitutes a finding of guilty of burglary, a Class B felony, or robbery, a Class C felony. However words added to a verdict are considered surplusage unless inconsistent with the jury's determination. *Rush v. State* (1973) 260 Ind. 87, 292 N.E.2d 599. The jury's statement that the appellant did not directly inflict injuries during the robbery is not inconsistent with the guilty verdict of robbery resulting in serious bodily injury to a person. When confederates combine to commit an offense, each is responsible for the acts committed in furtherance of their common design. *Barnes v. State* (1978) Ind., 378 N.E.2d 839; *Mosley v. State* (1977) 266 Ind. 675, 366 N.E.2d 648. There is nothing in the handwritten statement of the jury which would impeach its verdict or indicate any misunderstanding of the law on the part of the jury.

 Appellant urges this Court to review his sentence and revise the same under our rules for the appellate review of sentences. Rule 2(2) states: "(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed." We find nothing in the record in this case which would indicate that the sentence was not appropriate for the offense or that it

was inappropriately imposed as to the appellant. In rendering his sentence and in adding an additional twenty years, the judge listed seven aggravating circumstances, including appellant's prior record, his need for correctional and rehabilitative treatment, the fact that the victims were elderly persons physically infirm at the time of the attack and that the attack caused extreme physical, mental and emotional harm to the victims. Given such stated aggravating circumstances, we hold the sentence of the trial judge was entirely reasonable.

Appellant next claims the trial court erred in overruling his objection to the recall and examination of the State's expert fingerprint witness. Counsel for appellant stated, "I would object to that." without any statement of grounds for the objection. Therefore any error was not preserved for purposes of this appeal and is deemed waived. *Beasley, supra.*

Appellant next claims the judgment of the trial court is not supported by the verdict of the jury or by sufficient evidence. Here he again raises the question of the jury's handwritten addendum to the verdict, which we have dealt with previously in this opinion. So far as the evidence is concerned, this Court will not weigh the evidence nor judge the credibility of the witnesses. Only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom will be considered on appeal. *Pulliam v. State* (1976) 264 Ind. 381, 345 N.E.2d 229. From the evidence above–recited, the jury could have reasonably found that the appellant committed the offense charged.

The trial court is in all things affirmed.

All justices concur.