**Carl DURHAM, Jr., Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 64A03–8701–CR–7.

Court of Appeals of Indiana,
Third District.

July 14, 1987.

James V. Tsoutsouris, Public Defender, Porter County by Joanne Tapocsi, Deputy Public Defender, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

After pleading guilty to child molesting,[1] a class C felony, Carl Durham was sentenced to eight years in prison. He received a fixed term of five years with three added for aggravating circumstances.[2]

Durham raises three issues on appeal. Restated, they are:

1. Was it proper for the trial court to consider the emotional and psychological effects of his behavior as an aggravating circumstance?

2. Was it proper for the trial court to consider his prior uncharged child molesting acts as an aggravating circumstance?

3. Did the trial court err, not only by failing to discuss or evaluate any mitigating circumstances in its sentencing statement, but also by failing to make a finding that mitigating factors were not present?

We affirm.

Durham had been charged with molesting his step-daughter, A.H., 11. At the sentencing hearing, the State presented ev-

---

1. I.C.1976, 35-42-4-3 (Burns Code Ed., 1985 Repl.).

2. I.C.1976, 35-50-2-6 (Burns Code Ed., 1985 Repl.) provides:

A person who commits a class C felony shall be imprisoned for a fixed term of five (5) years, with not more than three (3) years added for aggravating circumstances or not more than three (3) years subtracted for mitigating circumstances; in addition, he may be fined not more than ten thousand dollars ($10,000.00).

idence and Durham admitted that several years earlier he had also molested his natural daughter, C.D., and a cousin, S.D. He has never been charged for those acts.

A.H. did not testify, but her step-mother testified that although A.H. used to be easygoing and happy, she is now a different person—very cautious and afraid and wary of men.

S.D. testified that she had been molested by Durham from the time she was nine until she was fourteen. She described the fear, anger, and mental stress she experienced during that time period. She said she had been seeing a psychologist and had participated in a ten-week intensive therapy program. She said she needed treatment because "I have this anger in me so deep that I could not deal with life, and I wanted to take my own."

The court, in reaching sentence, stated, in part:

"... (F)irst, we will start with the presumptive term, of course, of five years. The Court will find as aggravating circumstances that while the defendant has no prior criminal record, there is an admitted history of criminal activity in the same nature of which he has been convicted here, and secondly and more strongly, he (sic) aggravating circumstance of the emotional and psychological damage that has been done to the victim in this case and those we have heard testimony about previously. Because of those aggravating circumstances, the Court will add three years for a total of eight years...."

The court did not discuss any mitigating circumstances and did not make a finding that mitigating factors were not present.

## I.

### *Emotional and Psychological Effects of Behavior*

■ Durham contends that it was improper for the trial court to use as an aggravating circumstance the emotional and psychological effects his acts had on A.H. and S.D.[3]

■ It is within the trial court's discretion to decide whether or not the presumptive sentence for a crime should be increased or decreased according to the aggravating or mitigating circumstances of each case. *Bixler v. State* (1984), Ind., 471 N.E.2d 1093, 1104–05, *cert. denied,* 474 U.S. 834, 106 S.Ct. 106, 88 L.Ed.2d 86 (1985). When a sentence is within the statutory limits, we are not at liberty to set aside or alter the sentence unless the record indicates a manifest abuse of that discretion. *Arthur v. State* (1986), Ind., 499 N.E.2d 746, 748. The statutory factors set forth in I.C.1983, 35–38–1–7 (Burns Code Ed., 1985 Repl.) serve as guidelines, but do not limit the matters which the trial court may consider when determining what sentence should be imposed. *Thurston v. State* (1985), Ind., 472 N.E.2d 198, 203.

The emotional and psychological effects of criminal behavior are not listed in I.C. 35–38–1–7 as an aggravating circumstance. However, in *Hogan v. State* (1980), 274 Ind. 119, 409 N.E.2d 588, one of the aggravating circumstances used to enhance the defendant's sentence and later approved by the Indiana Supreme Court was the extreme physical, mental, and emotional harm done to the victims. *Id.,* 409 N.E.2d at 591. The effect of the crime upon the victim was also held to be a proper consideration in *Bresson v. State* (1986), Ind.App., 498

---

**3.** Durham also contends that the evidence at the sentencing hearing did not support the court's finding that A.H. and S.D. had suffered emotional and psychological damage. On appeal, we will not weigh the evidence nor judge the credibility of witnesses, *Eason v. State* (1986), Ind., 487 N.E.2d 441, and we will not second-guess the trial judge in his determination of issues of fact. *Bixler v. State* (1984), Ind., 471 N.E.2d 1093, 1099, *cert. denied,* 474 U.S. 834, 106 S.Ct. 106, 88 L.Ed.2d 86 (1985). The trial court's findings will be upheld if there is substantial evidence of probative value to support them. *Rowe v. State* (1983), Ind., 444 N.E.2d 303, 304. Here, A.H.'s step-mother testified that A.H. had changed as a result of being molested by Durham, and S.D. testified that she experienced fear, anger, and mental stress as a result of being molested by Durham—she had even considered suicide. This is ample evidence of probative value to support the trial court's finding.

N.E.2d 91, 96, and *Caccavallo v. State* (1982), Ind., 436 N.E.2d 775, 779.

Thus, the trial court did not abuse its discretion when it considered the effects of Durham's behavior on A.H. and S.D.

## II.

### *Prior Uncharged Acts*

■ Durham next contends that it was improper for the trial court to use his prior uncharged child molesting acts with C.D. and S.D. as an aggravating circumstance.

However, the Indiana Supreme Court has explicitly held that it is proper for a trial court to use such evidence in determining a sentence. *Kelly v. State* (1983), Ind., 452 N.E.2d 907, 912 (Court properly considered all the facts of the case including the evidence of defendant's history of sexually molesting his daughters in determining the sentences).[4]

Thus, it was not an abuse of discretion to use these acts to enhance Durham's sentence.[5]

## III.

### *Mitigating Circumstances*

Finally, Durham contends that "the Trial Court erred in determining the aggravating factors outweighed the many mitigating factors." After reviewing the record and appellant's brief, we think the issue can be stated more precisely as follows: Whether the trial court erred (1) by failing to discuss or evaluate any mitigating circumstances in its sentencing statement or (2) by failing to make a finding that mitigating factors were not present.

### A. *Failure to Evaluate Mitigating Circumstances*

■ I.C.1983, 35–38–1–3 (Burns Code Ed., 1985 Repl.) requires that if the court finds aggravating or mitigating circumstances, its record must include "a statement of the court's reasons for selecting the sentence that it imposes." The statement of reasons should contain three elements: (a) identification of all significant mitigating and aggravating circumstances found, (b) specific facts and reasons which lead the court to find the existence of each such circumstance and (c) articulation that the mitigating and aggravating circumstances have been evaluated and balanced in determination of the sentence. *Hammons v. State* (1986), Ind., 493 N.E.2d 1250, 1254.

Notwithstanding our recognition of the importance and desirability of a full and complete sentencing statement as described above, the Indiana Supreme Court has been willing to consider the record as a whole. *Mahla v. State* (1986), Ind., 496 N.E.2d 568, 574.

It is within the trial court's authority to determine the weight to be given aggravating and mitigating circumstances and to increase or decrease the sentence accordingly. *Shanholt v. State* (1983), Ind.App., 448 N.E.2d 308, 320, *trans. denied.* The court is not obligated to credit or attach great weight to the defendant's evidence of mitigating circumstances. *Bresson v. State, supra,* at 95. Findings of mitigating factors are discretionary with the court. *Cornelius v. State* (1981), Ind., 425 N.E.2d 616, 619. The court has no duty to list factors which are not mitigating, *Allen v. State* (1983), Ind., 453 N.E.2d 1011, 1013, or to negative potentially mitigating circumstances. *Frappier v. State* (1983), Ind., 448 N.E.2d 1188, 1189. However, the failure to find mitigating factors when they are supported by the record may reasonably give rise to the belief they were over-

---

**4.** In his brief, Durham cites *Anderson v. State* (1983), Ind., 448 N.E.2d 1180, 1186, as holding that uncharged crimes cannot be used to enhance a presumptive sentence. However, in *Mahla v. State* (1986), Ind., 496 N.E.2d 568, 575, the Indiana Supreme Court explained that the *Anderson* opinion misconstrued *McNew v. State* (1979), 271 Ind. 214, 391 N.E.2d 607, which held only that a sentencing court could not consider as prior criminal activity any previous charges which resulted in an acquittal. The Court in *Mahla* then approved the use of uncharged criminal acts in enhancing a sentence, citing *Kelly v. State, supra,* with approval.

**5.** Only one valid aggravating factor need be shown to sustain the enhancement of a presumptive sentence. *Guenther v. State* (1986), Ind., 501 N.E.2d 1071, 1072.

looked, hence not properly considered. *Townsend v. State* (1986), Ind., 498 N.E.2d 1198, 1202.

Here, we do not find the existence of any valid mitigating circumstances shown by the record which were not considered by the trial court.[6]

In the absence of mitigating factors, we cannot require the trial court's statement of reasons to articulate the balancing process between mitigating and aggravating factors. *Id.*

### B. *Failure to Make Finding*

 Although the trial court failed to make a finding that mitigating factors were not present, the Indiana Supreme Court in *Wilkins v. State* (1986), Ind., 500 N.E.2d 747, held that such failure is not error when all of the defendant's alleged mitigating factors are highly disputable in nature, weight, or significance. *Id.* at 749.

Thus, the trial court did not err in failing to discuss or evaluate mitigating circumstances in its sentencing statement or in failing to make a finding that mitigating factors were not present.

Affirmed.

GARRARD, P.J., and HOFFMAN, J., concur.

---

**6.** Durham alleges that nine mitigating factors were evident:

(1) That the defendant did not contemplate that the crime would cause serious harm to persons or property; (2) "That the crime was the result of circumstances unlikely to occur in that his plea of guilty to the public that he had so offended and his family circumstance had changed to take him out of contact with minor females;" (3) "That there were substantial grounds tending to excuse or justify the crime, although failing to establish a defense, in that psychiatric testimony demonstrated the Defendant to have severe neurosis and psychological disturbance, including probable biochemical imbalances resulting in abnormal sexual urgings;" (4) That the defendant has led a largely law-abiding life for a substantial period before being called before the bar of justice; (5) That the defendant is likely to respond affirmatively to probation or short-term imprisonment; (6) That the character and attitudes of the person indicate he is unlikely to commit another crime, and that he had been free from any allegation of offense for more than a year preceding his sentencing; (7) That the defendant has made, or attempted to make, and offered to continue to make restitution to the victim by providing her with psychological counseling at his expense and generally offering all reasonable support for her and her mother; (8) That imprisonment of the defendant will result in undue hardship to himself and his dependents; and (9) That the defendant had arranged, at substantial private expense, to take extreme measures to insure against any further reoccurrence of the charged offensive behavior.