Thomas BOYD, Appellant,

v.

STATE of Indiana, Appellee.

No. 84S00–8804–CR–430.

Supreme Court of Indiana.

Nov. 29, 1989.

James W. Boswell, Geoffrey G. Creason, Public Defender's Office, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

To avoid the death penalty, appellant entered into a plea agreement in which he pled guilty to the charges of Murder, Criminal Confinement, Rape, and five separate counts of Criminal Deviate Conduct. Among other things, the plea agreement stated:

"[I]t is agreed to and understood by the parties hereto that the sentences to be imposed herein pursuant to the Defendant's pleas of guilty to Counts I through VIII is to be determined by the Court and that both the State of Indiana and the defense will have an opportunity to recommend to the Court the sentences which they believe are appropriate herein."

Following a hearing on appellant's plea, the court sentenced him to forty (40) years on the murder count, ten (10) years on the criminal confinement count, and thirty (30) years on each of the remaining counts. All sentences were the presumptive sentence provided by statute. The court ruled that the sentences on Counts II through VIII would run concurrently with each other; they, however, would run consecutively to the murder count. Thus appellant had a total executed sentence of seventy (70) years.

The facts are: Appellant, who was an acquaintance of the victim in this case, in the early morning hours of October 31, 1986, went to the residence of the victim and her boyfriend, Donald E. Habbyshaw. Appellant was accompanied by his son, Brian Boyd. When Habbyshaw answered the door, appellant stabbed him with a knife he had borrowed from his son. Habbyshaw later died of two stab wounds. Appellant

then entered the house and attacked the victim. The two men removed the victim from the home, and with the son driving, appellant raped the victim in the back seat of the car.

The son drove the car to a secluded place in the country where both the son and the father raped and sodomized the victim. Over a period of approximately three hours, the victim was required to perform several deviate acts and was subjected to several acts of vaginal and anal penetration. During these attacks, appellant was threatening the victim with a gun he had stolen from her home.

Appellant's sole assignment of error is that the trial court erred in sentencing him to a total of seventy (70) years incarceration. Appellant takes the position that the trial judge did not fully evaluate the mitigating circumstances of the case nor did he fully articulate the aggravating circumstances which would support the court's order that the sentence of forty (40) years for murder runs consecutively to the other concurrent sentences.

Upon accepting appellant's plea of guilty, the trial court conducted an exhaustive hearing including testimony from the victim and testimony from doctors as to appellant's mental condition. The court then stated that it had given consideration to the mitigating circumstances, those being that appellant had no serious criminal record and that he had a history of military service in Vietnam which may well have resulted in psychological effects upon him. The court further opined that the mitigating factors were far outweighed by the aggravating factors.

The trial judge then recited the aggravating factors as being that appellant had killed one person and had repeatedly attacked another person in a ruthless, brutal, and heartless manner. Appellant claims there were many mitigating factors in addition to those cited by the trial judge, including the opinion of one of the doctors that appellant was not dangerous to society, was not a violent person, and that he did not have a "criminal personality." In addition, appellant cites the fact that he turned himself in to police authorities and had given his full cooperation in the matter.

In rendering a defendant's sentence, the finding of mitigating factors is discretionary with the trial court. *Cornelius v. State* (1981), Ind., 425 N.E.2d 616. In the instant case, the trial judge in fact did enumerate the leading mitigating factors. He was not required to pass independent judgment on each and every mitigating factor claimed by appellant's counsel. *Id.*

Appellant claims that the aggravating factors found by the trial court are not sufficient to justify the consecutive sentences. This Court has repeatedly held that Ind.Code § 35–38–1–7 serves as a guideline but does not limit the matters which the trial court may consider when determining what sentence to impose. *Thurston v. State* (1985), Ind., 472 N.E.2d 198.

In *Hogan v. State* (1980), 274 Ind. 119, 409 N.E.2d 588, this Court held that one of the aggravating circumstances which might be used to enhance a defendant's sentence was the extreme physical, mental, and emotional harm done to the victim. This was one of the specific findings made by the trial judge in the case at bar. In addition, the trial judge listed the nature of the crime.

Appellant also claims the court's finding that the crimes committed were "separate crimes" was not sufficiently specific to support the imposition of consecutive sentences, citing *Lindsey v. State* (1985), Ind., 485 N.E.2d 102. *Lindsey* merely stands for the proposition that a bare recitation that two separate distinct instances of rape had occurred was not sufficient to satisfy the specificity requirement when rendering consecutive sentences.

In the case at bar, the evidence is clear that separate and distinct crimes of murder, criminal confinement, rape, and several separate acts of deviate conduct were committed. Each of the crimes requires proof of at least one element not included in the other offenses. Therefore, they do not merge, and appellant may be sentenced

separately thereon. *Swapport v. State* (1986), Ind., 498 N.E.2d 1188; *Randall v. State* (1983), Ind., 455 N.E.2d 916. The reasons given by the trial court for the consecutive sentences were adequate.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.