## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 14 2018, 10:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Aaron Blanche
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Aaron Blanche,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

December 14, 2018

Court of Appeals Case No.
18A-CR-1619

Appeal from the Marion Superior Court

The Honorable Stanley E. Kroh, Magistrate

Trial Court Cause No.
49F15-9203-PC-44282

**Bailey, Judge.**

# Case Summary

[1] *Pro-se* litigant Aaron Blanche ("Blanche") appeals the denial of his Motion to Dismiss Felony Enhancement, arguing that his 1992 conviction for Carrying a Handgun Without a License was improperly elevated to a Class D felony.[1] The State argues the elevation was proper—but, as a threshold matter, challenges the jurisdictional footing of this appeal. The State asserts, *inter alia*, that the appeal is improperly before us because Blanche has not expressly pursued a petition for post-conviction relief. However, for the reasons herein, we address this case as an appeal from the denial of a petition for post-conviction relief.

[2] We affirm.

# Facts and Procedural History

[3] In 1992, the State filed a two-part information alleging (1) that Blanche had committed Carrying a Handgun Without a License as a Class A misdemeanor and (2) that Blanche had a prior felony conviction that would elevate the offense to a Class D felony. As to the prior felony, the information stated:

> AARON BLANCHE, on or about March 27, 1992, was
> previously convicted of a felony within fifteen (15) years before
> the date of this offense, that is: Theft in Marion County Superior

---

[1] Ind. Code §§ 35-47-2-1, -23.

Court Number Two (II), Cause Number 49G028912CF142445, on June 14, 1990 . . . .

Appellee's App. Vol. 2 at 4. Blanche and the State reached an agreement whereby Blanche would plead guilty to the Class D felony and the State would, among other things, recommend a specific sentence. The trial court accepted the plea and entered judgment of conviction on the Class D felony.

[4] In January 2014, Blanche filed a petition for post-conviction relief as to the instant conviction, but later sought and obtained dismissal without prejudice. At some point, Blanche also sought post-conviction relief concerning the 1990 cause identified in the charging information. In a February 2016 order, that post-conviction court concluded that the only felony in that cause—Auto Theft—had been incorrectly entered as a Class C felony. The court directed the clerk to issue an amended Abstract of Judgment showing "Count 1 – Auto Theft, a Class D felony." Appellant's App. Vol. II at 15.

[5] Blanche, *pro se*, filed the instant Motion to Dismiss Felony Enhancement on May 11, 2018. As an exhibit, Blanche provided the post-conviction order concerning his **Auto Theft** conviction. Blanche pointed out that his charging information identified a prior felony conviction for **Theft**. Blanche argued that "the information was defective" and that the elevation was "based off an invalid conviction for theft that did not exist." *Id.* at 10. Blanche asked the court to dismiss the elevation and "let the record reflect that the handgun conviction show as a Class A misdemeanor." *Id.* at 11. The court summarily denied relief, entering the following remarks: "Whether the prior felony

conviction was a Class C felony or a Class D felony and used as part two of count one is irrelevant. The order from G02 does not show your plea agreement should be set aside." *Id.* at 9.

Blanche now appeals.

# Discussion and Decision

At the outset, we address the procedural posture of this case. "Generally, a trial judge has no authority over a defendant after he or she pronounces [a] sentence," and "[a]ny continuing jurisdiction after final judgment has been pronounced must either derive from the judgment itself or be granted to the court by statute or rule." *State v. Fulkrod*, 735 N.E.2d 851, 852 (Ind. Ct. App. 2000), *summarily aff'd*. Here, more than twenty years after sentencing—well after any deadline for direct appeal—Blanche filed a document with the following title: Motion to Dismiss Felony Enhancement. Therein, Blanche focused on sections of the Indiana Code that, in general, relate only to pre-trial motions to dismiss a charging information. At bottom, however, Blanche sought to withdraw aspects of his guilty plea, requesting that the court "dismiss [his] felony enhancement." Appellant's App. Vol. II at 6. Indeed, the court recognized the nature of Blanche's request, remarking that "[t]he order from G02 does not show your plea agreement should be set aside." *Id.* at 9.

Indiana Code Section 35-35-1-4(c) provides that "[a] motion to vacate judgment and withdraw the plea . . . shall be treated by the court as a petition for

postconviction relief under the Indiana Rules of Procedure for Postconviction Remedies." Thus, Blanche's claim was properly before the court as a petition for post-conviction relief—and we treat this case as an appeal from the denial of that petition. *See State v. Oney*, 993 N.E.2d 157, 161 (Ind. 2013) ("A motion to set aside a guilty plea is treated as a petition for post-conviction relief." (citing I.C. § 35-35-1-4)); *cf. State v. Arnold*, 27 N.E.3d 315, 319 (Ind. Ct. App. 2015) ("[I]n the interests of judicial economy we will treat [the] motion to set aside habitual offender enhancement as a request for postconviction relief and review the trial court's judgment accordingly."), *trans. denied*. We therefore discern no jurisdictional impairment and proceed to the merits of this case. *See* I.C. § 35-35-1-4(e) ("The order of the court upon a motion made under subsection . . . (c) of this section shall constitute a final judgment from which the moving party or the [S]tate may appeal as otherwise provided by law."); Ind. Post-Conviction Rule 1(7) ("An appeal may be taken by the petitioner or the State from the final judgment in this proceeding, under rules applicable to civil actions."); Ind. Appellate Rule 5 (providing jurisdiction over appeals from final judgments).

[9]     In post-conviction matters, "[t]he petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence." P-C.R. 1(5); *see also* I.C. § 35-35-1-4(e) (identifying this burden of proof for post-sentencing motions involving the withdrawal of a plea of guilty). Moreover, "[i]f the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings." P-C.R. 1(4)(f); *see also Godby v. State*, 809 N.E.2d 480, 482 (Ind. Ct. App. 2004) ("Where the post-conviction court is able

to determine, after reading the petition and consulting the record, that there is no factual issue in dispute, a summary denial of a petition for post-conviction relief is proper."), *trans. denied*. What is more, when the petitioner appeals the denial of his petition, he is in the position of appealing a negative judgment. *Humphrey v. State*, 73 N.E.3d 677, 681 (Ind. 2017). "In order to prevail on an appeal from the denial of post-conviction relief, a petitioner must show that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." *Id.* Moreover, in conducting our review, "we do not defer to the court's legal conclusions," and will reverse the court's findings and judgment only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made. *Id.*

[10] Pursuant to Indiana Code Section 35-35-1-4(c)—which directs us to treat the instant motion as a petition for post-conviction relief—"[u]pon motion of the convicted person, the court shall vacate the judgment and allow the withdrawal [of the plea of guilty] whenever the convicted person proves that withdrawal is necessary to correct a manifest injustice." The statute further provides:

> For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever:
>
> > (1) the convicted person was denied the effective assistance of counsel;
> >
> > (2) the plea was not entered or ratified by the convicted person;

> (3) the plea was not knowingly and voluntarily made;
>
> (4) the prosecuting attorney failed to abide by the terms of a plea agreement; or
>
> (5) the plea and judgment of conviction are void or voidable for any other reason.

I.C. § 35-35-1-4(c). Here, it appears that only subparagraph (5) applies.

[11] In *Oney*, the Indiana Supreme Court affirmed the grant of post-conviction relief under subparagraph (5). There, the petitioner had pleaded guilty to operating a vehicle while suspended as a habitual traffic violator ("HTV"). *Oney*, 993 N.E.2d at 160. The HTV status was based upon, *inter alia*, a 1989 conviction. *Id.* Later, a post-conviction court vacated that 1989 conviction. *Id.* at 161. The petitioner then sought to set aside his plea of guilty to the HTV offense. *Id.* The court set aside the plea and vacated the HTV conviction. *Id.* On transfer, the Indiana Supreme Court concluded that "[t]he absence of a predicate offense justifying an HTV determination provided sufficient basis for the trial court here—acting as a post-conviction court—to conclude that the guilty plea and judgment of conviction were voidable." *Id.* at 166.

[12] In this case, the pertinent statutes provided that Carrying a Handgun Without a License could be elevated to a Class D felony if the defendant "ha[d] been convicted of a felony within fifteen (15) years before the date of the offense." I.C. § 35-47-2-23. The State alleged that there was a qualifying felony offense:

> AARON BLANCHE, on or about March 27, 1992, was previously convicted of a felony within fifteen (15) years before the date of this offense, that is: Theft in Marion County Superior Court Number Two (II), Cause Number 49G028912CF142445, on June 14, 1990 . . . .

Appellee's App. Vol. 2 at 4. Blanche pleaded guilty to the offense as a Class D felony. In doing so, Blanche signed a plea agreement containing this provision:

> The defendant further acknowledges that entry of a guilty plea pursuant to this agreement constitutes an admission of the truth of all facts alleged in the charge or counts to which the defendant pleads guilty and that entry of the guilty plea will result in a conviction on those charges or counts.

*Id.* at 7.

[13] Blanche now seeks relief, claiming that "the information was defective, i.e., no conviction for theft ever existed . . . and as a matter of law, [he] was not eligible for an enhancement." Appellant's Br. at 5-6. Yet, Blanche does not dispute his felony conviction of Auto Theft in the 1990 cause—and, in contrast with *Oney*, the offense was not vacated through subsequent post-conviction proceedings. Ultimately, Blanche appears to complain only of the description of the felony identified in the information: that the felony offense was described as Theft but should have been described as a more particular type of theft, *i.e.*, Auto Theft.

[14] Yet, under the applicable statute, the information need only contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged" and "need not contain . . . any other matter not necessary to

the statement." I.C. § 35-34-1-2. Moreover, it is well-settled that courts disregard surplusage in charging instruments. *See, e.g.*, *Powell v. State*, 250 Ind. 663, 237 N.E.2d 95, 98 (1968) (acknowledging the "general rule" that what is unnecessary to allege is automatically unnecessary to prove). Here, the State sought an elevated conviction, and alleged the existence of a predicate felony offense. The State identified a particular cause number and there was a felony conviction under that cause number. We conclude that the State adequately alleged the existence of a predicate offense—and, because it was unnecessary for the State to further describe the offense, the complained-of language amounts to mere surplusage. *See Madison v. State*, 234 Ind. 517, 130 N.E.2d 35, 47 (1955) ("Unnecessary descriptive material in a charge is surplusage."); *see also Mitchem v. State*, 685 N.E.2d 671, 676 (Ind. 1997). Ultimately, Blanche has failed to identify any defect in the charging information, and has failed to demonstrate manifest injustice that would support withdrawal of his plea.

[15] Blanche has not demonstrated an unerring, unmistakable entitlement to relief.

[16] Affirmed.

Mathias, J., and Brown, J., concur.