ATTORNEYS FOR APPELLANT
Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
David M. Seiter
Garrison Law Firm, LLC
Indianapolis, Indiana



FILED
Aug 28 2013, 9:08 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 49S05-1212-CR-668

STATE OF INDIANA,

*Appellant (Respondent below),*

v.

RUSSELL ONEY,

*Appellee (Petitioner below).*

Appeal from the Marion Superior Court, Criminal Division, Room 18
No. 49F18-9911-DF-191975
The Honorable Reuben B. Hill, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A05-1204-CR-196

**August 28, 2013**

**Rucker, Justice.**

Although a defendant who pleads guilty to driving while suspended as a habitual traffic violator may not later challenge the plea contending that an underlying offense has been set aside on grounds of procedural error, a defendant may be entitled to relief where an underlying offense has been set aside on grounds of material error.

**Facts and Procedural History**

In January 1994, the Indiana Bureau of Motor Vehicles sent notice to Russell Oney advising him of his status as a habitual traffic violator ("HTV") and informing Oney that his driving license would be suspended for ten years beginning February 23, 1994. See Ind. Code § 9-30-10-5. This determination was based on: (1) his 1986 conviction in Fayette County for operating a vehicle while intoxicated ("OWI") as a Class A misdemeanor; (2) his 1989 conviction in Fayette County for OWI as a Class D felony, and (3) his 1993 conviction in Marion County for OWI as a Class D felony. Despite the notice, which Oney subsequently acknowledged receiving, on November 1, 1999 Oney was arrested for OWI and public intoxication. Thereafter he was charged with operating a vehicle while suspended as an HTV, as a Class D felony, operating a vehicle while intoxicated with a prior OWI offense, as a Class D felony, and public intoxication as a Class B misdemeanor. In July 2002, under terms of a plea agreement, Oney pleaded guilty in the Marion Superior Court to the HTV offense for which he received a three-year sentence with 180 days suspended to probation, and a lifetime suspension of his driving privileges. See I.C. § 9-30-10-16(c) ("In addition to any criminal penalty, a person who is convicted of [the felony of operating a vehicle while suspended as an HTV] forfeits the privilege of operating a motor vehicle for life."). The State dismissed the remaining charges.

In May 2010, Oney filed a verified petition for post-conviction relief in the Fayette Superior Court[1] challenging his 1989 OWI conviction on grounds of alleged impropriety on the

---

[1] The copy of the petition in the record before us does not bear a file stamp indicating that the petition was ever actually filed with the trial court. Instead the certificate of service shows the petition was served on the Fayette County Prosecutor's Office on May 16, 2010. See App. at 57. The State apparently concedes this date and does not challenge that the petition was actually filed. See Br. of Appellant at 3 ("[O]n May 16, 2010, Defendant sought relief in [Fayette] County Superior Court from his June 6, 1989, conviction for operating while intoxicated—one of the underlying convictions used for the HTV determination.").

part of the trial judge[2] and the alleged violation of his right to counsel. The record is silent on whether a hearing was conducted on the petition. However, not only did the State not oppose the petition, but also the State entered into a joint "Agreed Entry of Post-Conviction Relief," contending among other things, that after appointing counsel to represent Oney, the trial judge: (i) ordered Oney transported from custody in the county jail and brought to court without counsel being present; (ii) engaged Oney in "ex-parte communications . . . on two separate occasions;" and (iii) "coerced him into taking the plea without his attorney being present." App. at 105. The post-conviction court entered an order declaring in pertinent part:

> The Court being duly advised of the "Agreed Entry of Post Conviction Relief" filed by the parties in this matter (H.I.) and having found the facts agreed to by the parties demonstrate a material error and not simply a procedural error, the Court now finds that the Defendant's Petition for Post-Conviction Relief should be granted.

App. at 64. The post-conviction court vacated the 1989 OWI conviction and ordered it expunged from the records of the BMV.

Armed with the Fayette Superior Court order, Oney then filed in the Marion Superior Court a verified motion to set aside his 2002 guilty plea. The motion essentially recounted the "material error" finding of the Fayette Superior Court and asserted Oney sought relief "because it is necessary to correct a manifest injustice pursuant to I.C. § 35-35-1-4(c) (1), (3), and (5)." App. at 49. After entertaining arguments of counsel, the trial court granted the motion, set aside the guilty plea, and ordered Oney's conviction and resulting lifetime suspension expunged from his record. On review the Court of Appeals reversed the judgment of the trial court. See State v. Oney, 974 N.E.2d 1054 (Ind. Ct. App. 2012). Having previously granted transfer we now affirm the judgment of the trial court. Additional facts are set forth below.

---

We presume therefore that the petition was properly filed in the Fayette Superior Court and thus was a part of the trial court's records.

[2] The judge in question no longer serves as a judicial officer and has since retired from the practice of law.

**Standard of Review**

A motion to set aside a guilty plea is treated as a petition for post-conviction relief. I.C. § 35-35-1-4. "Post-conviction proceedings are not super-appeals and provide only a narrow remedy for subsequent collateral challenges." State v. Cooper, 935 N.E.2d 146, 148 (Ind. 2010). Where, as here, the State appeals a judgment granting post-conviction relief, we review using the standard in Indiana Trial Rule 52(A):

> On appeal of claims tried by the court without a jury or with an advisory jury, at law or in equity, the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses.

State v. Hollin, 970 N.E.2d 147, 150 (Ind. 2012). Under the clearly erroneous standard of review, we review only for the sufficiency of the evidence. State v. Dye, 784 N.E.2d 469, 471 (Ind. 2003). We neither reweigh the evidence nor determine the credibility of witnesses. Id. We consider only the probative evidence and reasonable inferences supporting the judgment and reverse only on a showing of clear error. Id. Clear error is "that which leaves us with a definite and firm conviction that a mistake has been made." Spranger v. State, 650 N.E.2d 1117, 1119 (Ind. 1995).

**Discussion**

The State contends the trial court—acting as a post-conviction court—committed clear error in setting aside Oney's guilty plea because in so doing it contravened ruling precedent of this Court, namely, State v. Starks, 816 N.E.2d 32 (Ind. 2004). In that case defendant Starks pleaded guilty in 2001 to OWI and operating while suspended as an HTV. Thereafter, Starks successfully challenged one of the underlying predicate offenses for the HTV determination; and the trial court entered an order vacating the conviction. Although the record in that case was not clear, apparently Starks had pleaded guilty to the predicate offense without representation of counsel. Id. at 33 n.2. Based on the trial court's order, Starks then filed a petition for post-conviction relief challenging his 2001 guilty plea. The post-conviction court granted the

4

petition, set aside his conviction of operating while suspended as an HTV, and ordered the resulting suspension be expunged from Starks' driving record. On review the Court of Appeals affirmed. We granted transfer and reversed the judgment of the post-conviction court. In so doing, this Court declared:

> [T]he crucial date, insofar as habitual violator status is concerned, is the date of driving, not the date on which the status is challenged or set aside. If the person is driving despite notification that he may not do so because he has been declared an habitual traffic violator, he is [flouting] the law even if one or more of the underlying convictions is voidable.
>
> *   *   *
>
> [T]he essence of the HTV offense [is] the act of driving after being so determined. The focus is not on the reliability or non-reliability of the underlying determination, but on the mere fact of the determination . . . . For purposes of a driving while suspended charge, we therefore look to the appellant's status as of the date of that charge, not any later date on which the underlying suspension may be challenged or set aside.

Starks, 816 N.E.2d at 33-34 (internal citations and quotations omitted). The State essentially relies on the foregoing language to support its argument that "the trial court's decision to grant post-conviction relief is contrary to law and is clearly erroneous." Br. of Appellant at 7.

It is certainly the case that Starks confirmed the principle that it is the fact of driving after an HTV suspension has been imposed that is crucial, whether or not that determination is subject to attack. But Starks cannot be read as standing for the proposition that the possibility of relief is forever foreclosed. Instead the Court declared: "[Although] it is not a sufficient basis for relief that the underlying offense has been set aside on *procedural* grounds" however "[i]f the person successfully demonstrates[] either to the BMV or to the court . . . that a '*material error*' has occurred then the person is afforded the opportunity to pursue post-conviction relief." Starks, 816 N.E.2d at 35 (emphasis added). We elaborated: "Only if the underlying offense was not

5

committed . . . is the error 'material.'" Id.[3] Defendant Starks was not entitled to post-conviction relief because the underlying OWI offense was vacated apparently due to Starks pleading guilty without the benefit of counsel. Although this may very well suffice as grounds for setting aside the underlying offense, with respect to vacating a subsequent HTV conviction, such grounds are considered procedural.

In this case the threshold question is whether Oney's 1989 OWI conviction was set aside on the basis of "material error." And for our purposes, error is material only if Oney was actually innocent of the charge, or in the language of Starks the error is material "if the underlying offense was not committed." Id. Here the Fayette Superior Court found that "material error" occurred but it made no express finding that Oney did not commit the offense. Instead the court based its material error conclusion on "the facts agreed to by the parties." App. at 64. In turn the salient facts to which the parties agreed were that the trial judge in 1989: (i) ordered Oney transported from custody in the county jail and brought to court without counsel being present; (ii) engaged Oney in "ex-parte communications . . . on two separate occasions"; and (iii) "coerced him into taking the plea without his attorney being present." Id. at 105.

Only the third of these implicates Oney's actual innocence. However, the court's finding on this point appears to be a condensed summary of allegations contained in Oney's verified petition for post-conviction relief. In particular, Oney alleged in pertinent part that while in custody after his arrest counsel recommended that Oney accept a plea agreement; he attempted to do so, however the trial judge rejected the plea because Oney maintained his innocence. Id. at 53. Sometime thereafter, while still in custody, Oney was transported to court, and outside the presence of counsel the trial judge attempted to persuade Oney to enter a guilty plea. Oney refused to change his plea and was ordered back to jail. Id. A jail representative allegedly explained to Oney that the judge would not release Oney until he pleaded guilty. The following day, Oney returned to open court without the presence of counsel and "changed his plea under duress." Id.

---

[3] The Court provided one example of how a defendant might demonstrate that the offense was not committed: "by proving that the BMV erroneously included the defendant as the same person as the offender in the subsequent court." Starks, 816 N.E.2d at 35. This single example was not intended to be exhaustive.

Agreeing that Oney was entitled to have his 1989 OWI conviction set aside, the State did not contest the allegations in his verified petition. And taken as true, the allegations support a conclusion that Oney did not commit the offense to which he pleaded guilty. Six decades ago this Court held that "a plea of guilty tendered by one who in the same breath protests his innocence . . . is no plea at all. Certainly it is not a sufficient plea upon which to base a judgment of conviction." Harshman v. State, 115 N.E.2d 501, 502 (Ind. 1953). Accordingly, "a judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time. To accept such a plea constitutes reversible error." Ross v. State, 456 N.E.2d 420, 423 (Ind. 1983). "A defendant who says he did the crime and says he did not do the crime has in effect said nothing, at least nothing to warrant a judge in entering a conviction." Carter v. State, 739 N.E.2d 126, 128-29 (Ind. 2000); see also Johnson v. State, 960 N.E.2d 844, 849 (Ind. Ct. App. 2012) ("Indiana jurisprudence has insisted that a factual basis must exist for a guilty plea and a judge may not accept a guilty plea while a defendant claims actual innocence.") (citation omitted). In this case, not only did Oney at least initially maintain his actual innocence but also his ultimate plea of guilty was entered at the urging of the trial judge. "[D]efendants who can show that they were coerced or misled into pleading guilty by the judge, prosecutor or defense counsel will present colorable claims for relief." State v. Moore, 678 N.E.2d 1258, 1266 (Ind. 1997). Here, the judge's acceptance of the 1989 plea was error. And as the post-conviction court correctly determined the error was material and not simply procedural. Thus, Oney was entitled to seek further relief. "This is not to say however that relief automatically [would] be granted." Starks, 816 N.E.2d at 35.

In this case, noting the "material error" finding of the post-conviction court, Oney filed his verified motion to set aside his 2002 plea of guilty to operating a motor vehicle while suspended as an HTV. The trial court in Marion County—acting as a post-conviction court—did not conduct an evidentiary hearing in this case. Instead both the State and Defense submitted written briefs supporting their respective positions. Included in the defense brief were several attachments including Oney's verified affidavit.[4] According to the representations in the brief, as supported by Oney's affidavit, on January 14, 1989 Oney was a passenger in a vehicle driven

_____

[4] The following uncontested facts were taken from Oney's verified affidavit which is found on pages 98-101 of the Appendix.

7

by another person who was involved in an automobile accident. The driver drove away from the scene, but Oney persuaded him to drive to the police station to report the matter. The driver did so, and after they arrived, officers of the Connersville police separated the two and took their respective statements. Both had been drinking; and Oney later learned that the driver laid blame for the accident on Oney. He was arrested and subsequently charged with: (1) OWI, and (2) leaving the scene of an accident. Oney hired private counsel to represent him who advised Oney to plead guilty, even though he maintained his innocence. In February 1989, with advice of Counsel Oney attempted to plead guilty; however the trial judge rejected the plea because Oney maintained his innocence while attempting to plead. After the February hearing, Oney did not see his lawyer again and later learned that he had been disbarred in May, 1989. At some point the trial court appointed replacement counsel to represent Oney. On June 5, 1989, Oney was escorted from the county jail and outside the presence of counsel or the prosecutor, the trial judge encouraged Oney to plead guilty but he "continued to refuse to plead guilty." Oney's Verified Aff. at ¶ 11. The following day he was again escorted to court, and without the prosecutor or his attorney being present, the judge "argued with" Oney to plead guilty while he continued to maintain his innocence. Id. at ¶ 13. According to Oney, "[e]ventually, I said, 'fine . . . then, I'm guilty.' At that point, the Court then took a factual basis. I felt coerced by the Court that only by pleading guilty would I be released from jail." Id.

We first observe that although the foregoing representations shed further light on the question of whether in 1989 Oney actually committed the offense of OWI, these representations have only an indirect bearing on his 2002 plea of guilty to operating a vehicle while suspended as an HTV. Stated somewhat differently the foregoing representations appear to confirm that the post-conviction court correctly determined that material error occurred with respect to the 1989 OWI conviction. However, this determination merely provided Oney the opportunity to file a petition to set aside the guilty plea in the court where he pleaded guilty to the felony of driving while suspended as an HTV. We repeat for emphasis that only because there was sufficient evidence before the Fayette Superior Court judge to conclude that Oney did not commit the OWI

8

underlying offense, was he then afforded the opportunity to attempt additional relief in the Marion Superior Court.[5]

A motion to set aside a guilty plea is governed by Indiana Code section 35-35-1-4 which provides in pertinent part:

> After being sentenced following a plea of guilty . . . the convicted person may not as a matter of right withdraw the plea. However, upon motion of the convicted person, the court shall vacate the judgment and allow the withdrawal whenever the convicted person proves that withdrawal is necessary to correct a *manifest injustice*. . . . For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever:
>
> (1) the convicted person was denied the effective assistance of counsel;
>
> (2) the plea was not entered or ratified by the convicted person;
>
> (3) the plea was not knowingly and voluntarily made;
>
> (4) the prosecuting attorney failed to abide by the terms of a plea agreement; or
>
> (5) the plea and judgment of conviction are void or voidable for any other reason.

(emphasis added). In this case it appears that only subparagraph (5) is applicable in assessing whether Oney's 2002 plea of guilty to driving while suspended as an HTV may be withdrawn and the judgment of conviction vacated on grounds of manifest injustice.[6] Essentially, the

---

[5] But see Hoaks v. State, 832 N.E.2d 1061, 1063, 1064 (Ind. Ct. App. 2005), trans. denied (concluding in a divided opinion that post-conviction relief was not warranted because "Hoaks was aware of his adjudication as an HTV at the time of his conviction," and it was of no consequence that "an underlying offense in his HTV adjudication was material error"). We disapprove that portion of Hoaks which is inconsistent with our opinion today.

[6] The transcript of the 2002 change of plea hearing reflects that Oney was represented by counsel; and upon inquiry by the trial judge, Oney answered: "Yes sir I am" to the question "[are you] [s]atisfied with the legal advice and counsel that he has given you in this case?" Tr. at 7. The record also reflects that Oney entered a plea of guilty after the trial judge advised him of the constitutional rights he would be waiving by pleading guilty. Id. at 3. Oney also answered: "No sir" to the trial judge's question "has anyone forced you or threatened you in any way to make you give up your rights?" Id. at 4. All of which

question is whether the conviction was either "void" or "voidable." This distinction "is no mere semantic quibble." Stidham v. Whelchel, 698 N.E.2d 1152, 1154 (Ind. 1998). While "[a] void judgment is one that, from its inception, is a complete nullity and without legal effect," "a voidable judgment is not a nullity . . . [u]ntil superseded, reversed, or vacated. . . ." Id. (internal quotations omitted).

Here Oney's 2002 plea of guilty as an HTV comported with all the formalities attendant to such pleas. See n.6. Further, Oney qualified as an HTV because he had accumulated at least three OWI convictions within ten years. See I.C. § 9-30-10-4(b) ("A person who has accumulated at least three (3) judgments within a ten (10) year period for any of the following violations, singularly or in combination, and not arising out of the same incident, is a habitual violator: . . . [o]peration of a vehicle while intoxicated."). Thus, it is clear that Oney's plea was not "void," that is to say it was not "from its inception, . . . a complete nullity and without legal effect." Stidham, 698 N.E.2d at 1154. This leaves us with the question of whether the plea and judgment of conviction were "voidable."

We first acknowledge that as a general proposition, "[a] voidable judgment or order may be attacked *only through a direct appeal*, whereas a void judgment is subject to direct or collateral attack at any time." M.S. v. C.S., 938 N.E.2d 278, 284 (Ind. Ct. App. 2010) (emphasis added) (citation omitted). And our courts "have long deemed post-conviction proceedings collateral." Hall v. State, 849 N.E.2d 466, 472 (Ind. 2006) (collecting cases). However, this general proposition precluding collateral review of voidable judgments must yield to the Legislature's specific directive that, "a motion to vacate judgment and withdraw the plea made under this subsection *shall be treated* by the court as a petition for postconviction relief," I.C. § 33-35-1-4(c) (emphasis added); and that "withdrawal of the plea is necessary to correct a manifest injustice" which includes instances whenever "the plea and judgment of conviction are . . . voidable . . . ." Id.

---

demonstrates that Oney received the effective assistance of counsel and entered his plea knowingly and voluntarily. See I.C. §§ 35-35-1-4(c)(1)-(3). We thus reject Oney's contention that he is entitled to relief under subparagraphs (1) and (3). App. at 49. Oney makes no claim that the prosecuting attorney failed to abide by the terms of the plea agreement. See I.C. § 35-35-1-4(c)(4).

10

As noted earlier, Oney's 2002 HTV guilty plea was based upon Oney having been previously convicted of (1) OWI in Fayette County in 1986; (2) OWI in Fayette County in 1989; and (3) OWI in Marion County in 1993. When the post-conviction court in 2010 vacated the 1989 OWI conviction on grounds of material error, without objection from the State and in fact with its full concurrence, the predicate offense qualifying Oney as an HTV no longer existed. The absence of a predicate offense justifying an HTV determination provided sufficient basis for the trial court here—acting as a post-conviction court—to conclude that the guilty plea and judgment of conviction were voidable. See, e.g., Olinger v. State, 494 N.E.2d 310, 311 (Ind. 1986) (declaring that the trial court "ha[d] no choice" but to vacate defendant's sentence enhancement which was based upon a habitual offender status after the court of conviction vacated one of two underlying offenses); Coble v. State, 500 N.E.2d 1221, 1223 (Ind. 1986) (noting that with respect to the general habitual offender statute, a sentence enhancement "cannot be based upon prior convictions which are set aside after the habitual offender determination"). See also Spivey v. State, 638 N.E.2d 1308, 1312 (Ind. Ct. App. 1994) ("An habitual offender verdict which was based upon a predicate offense subsequently set aside for constitutional reasons must be vacated.").

In this case the trial court entered an order granting Oney's verified motion to set aside his guilty plea "pursuant to Indiana Code [§] 35-35-1-4" and directed the Indiana Bureau of Motor Vehicles to vacate the resulting conviction and suspension. App. at 107. A trial court's ruling on a motion to withdraw a guilty plea "arrives in this Court with a presumption in favor of the ruling." Brightman v. State, 758 N.E.2d 41, 44 (Ind. 2001) (quotation omitted). Further, "[i]n reviewing the State's claim that the post-conviction court erroneously granted relief to the defendant, 'the inquiry is essentially whether there is *any* way the trial court could have reached its decision.'" Dye, 784 N.E.2d at 471 (emphasis in original) (quoting Spranger, 650 N.E.2d at 1120). Here, other than reciting the relevant statute, the trial court did not expressly declare the basis on which it granted Oney's motion. However, the only statutory ground available was to "correct a manifest injustice." And because, as discussed in detail above, "the plea and judgment of conviction [were] . . . voidable" on the basis that the underlying offense was vacated, the State has not carried its burden of demonstrating the trial court clearly erred in granting Oney's motion to withdraw his guilty plea.

**Conclusion**

We affirm the judgment of the trial court.

Dickson, C.J., and David, Massa and Rush, JJ., concur.