## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 08 2016, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Derrick Harris<br>Plainfield, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | James B. Martin<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Derrick Harris,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | December 8, 2016<br><br>Court of Appeals Case No.<br>18A04-1604-CR-919<br><br>Appeal from the Delaware Circuit Court<br><br>The Honorable Linda Ralu Wolf, Judge<br><br>Trial Court Cause No.<br>18C03-1405-FC-20 |

**Brown, Judge.**

[1] Derrick Harris, *pro se*, appeals the trial court's Order Denying Defendant's Motion for Vacating Plea Agreement and Habeas Corpus. Harris raises one issue which we revise and restate as whether the court erred in denying his motion. We affirm.

## Facts and Procedural History

[2] On February 19, 2013, the State charged Harris with Count I, operating a vehicle while intoxicated causing death as a class C felony; Count II, operating a vehicle with an ACE of .15 or more as a class A misdemeanor; and Count III, operating a vehicle while intoxicated endangering a person as a class A misdemeanor. On April 11, 2013, the court held a pretrial hearing at which Harris's counsel stated that Harris had been sentenced in Madison County in another matter and that he was subject to a parole hold issued by the Department of Correction ("DOC") for a violation. The court noted that Harris was to be released to the DOC to serve time for a parole violation, and it ordered that upon release from the DOC on the parole violation, he was to report to Delaware County Community Corrections to be placed on electronic home detention.

[3] On May 5, 2014, following the court's rejection of a plea agreement entered into between Harris and the State, the court granted Harris's motion for change

of judge.[1]  On January 15, 2015, Harris was released to pretrial home detention with reporting to Delaware County Community Corrections.  Harris thereafter retained private counsel.  On June 22, 2015, the court held a change of plea hearing, at which a proposed plea agreement ("Plea Agreement") was filed by the parties pursuant to which Harris agreed to plead guilty to Count I and the State agreed to dismiss the remaining counts.  Also, Paragraph 8 of the Plea Agreement stated in relevant part that Harris "shall receive credit time for the time he has been incarcerated prior to the change of plea."  Appellant's Appendix at 194.  A factual basis was established and evidence heard, and the court took Harris's guilty plea under advisement and ordered a presentence investigation report ("PSI").

[4]     On August 20, 2015, the court held a hearing at which defense counsel noted at the outset that Harris had been on parole at the time of the offense and that a parole hold was placed on him "at the time and [Harris] served the remainder of his sentence and was released from the cause on 12/09/2014," which totaled "roughly" 665 days, and that Harris "wanted to make sure that was clarified just for the record itself was, whether or not he would be entitled to those particular days as well as the two twelve actual jail days . . . ."  Transcript at 2.  The court continued the hearing to allow clarification regarding Harris's credit time, noting that it was unclear whether his pretrial days should be credited

---

[1] Harris filed a motion for change of judge on May 2, 2014, stating that he believed "the Judge has had *ex parte* communication with the probation officer prior to sentencing."  Appellant's Appendix at 247.

toward a sentence on the pending matter or were counted toward his completion of parole.

[5] The court held another hearing on August 27, 2015, at which it noted that the DOC informed the court that Harris received credit for the days on his parole, and it called the attorneys' attention to the language of Paragraph 8 in the Plea Agreement and stated that it believed that the agreement as written did not follow state law because it would award credit time already applied toward Harris's parole to the sentence in this matter. Specifically, the court stated "I don't want to be bound to do something that by law I am not supposed to do. So, in light of that, the Court is, feels as if all I can do is reject the plea agreement at this point." *Id.* at 13. Defense counsel responded that it was not his "intention or [Harris's] intention to cause any issue in that regard." *Id.* The court then noted that defense counsel could "amend the plea agreement," but that if he did not it would "reject it." *Id.* The State observed that it agreed with the court's analysis of the situation in that, while a parole hold was placed on Harris, "he was never really revoked" and that "they let him set under that parole hold" and "finish out his time" and then "released him from parole . . . ." *Id.* at 13-14. Defense counsel stated that he agreed with the assessment of the situation and that he just wanted to make sure he was doing his best for Harris to establish "clarity by the time he was sentenced . . . ." *Id.* at 14. The court stated that it would entertain a motion to continue the plea acceptance hearing and possible sentencing hearing to give the parties an opportunity to discuss amending the plea agreement and it turned to defense counsel and

asked "is the court going to have to reject the plea agreement today or do you have a motion for the Court?" *Id.* at 17. Defense counsel asked the court if he could confer with Harris, the court allowed him to do so, and after the conference defense counsel asked the court for a continuance of the hearing to discuss amending the plea agreement. The court granted the motion and set the matter for a hearing on September 14, 2015.

[6] On September 9, 2015, the parties filed an amended plea agreement (the "Amended Plea Agreement"), which was signed by the prosecutor, defense counsel, and Harris. The Amended Plea Agreement did not contain the language regarding credit time that the court found to be problematic in the original Plea Agreement and left sentencing to the discretion of the court.

[7] On September 14, 2015, the court held an acceptance of plea and sentencing hearing, at which the court recognized that defense counsel and Harris both "signed off on the amended plea agreement," and defense counsel stated that that was correct. *Id.* at 21. The court specifically asked "does the defendant as well as you as his legal counsel, note for the record that this is your amended plea agreement?" *Id.* at 22. Defense counsel responded: "We would in fact say this is the amended plea agreement Judge." *Id.* The court immediately after swore Harris in to testify, and Harris testified that he recognized he was in court to be sentenced. Harris then testified regarding steps he had taken since the date of the accident, including receiving between four and six certificates from Reformers Unanimous, participating in addiction programs while at the jail, and also attending Thinking for a Change. Following arguments from the

parties, the trial court accepted the Amended Plea Agreement and sentenced Harris to eight years in the DOC.

[8] On March 3, 2016, Harris, *pro se*, filed his Motion for Vacating Plea Agreement and Habeas Corpus requesting that the court "Vacate the Plea Agreement and any other filing based upon the same including the Court's acceptance thereof, the finding of guilt, the conviction resulting thence, the sentence, and any other adjudication that is the fruit of this poisonous tree . . . ." Appellant's Appendix at 49. On April 5, 2016, the State filed its response. On April 11, 2016, the court denied Harris's motion.

## *Discussion*

[9] The issue is whether the court erred in denying Harris's Motion for Vacating Plea Agreement and Habeas Corpus. We initially observe that Harris is proceeding *pro se*. Such litigants are held to the same standard as trained counsel. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. To the extent that he fails to develop a cogent argument or cite to the record, we conclude that such arguments are waived. *See Cooper v. State*, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (holding that the defendant's contention was waived because it was "supported neither by cogent argument nor citation to authority"); *Shane v. State*, 716 N.E.2d 391, 398 n.3 (Ind. 1999) (holding that the defendant waived argument on appeal by failing to develop a cogent argument); *Smith v. State*, 822 N.E.2d 193, 202-203 (Ind. Ct. App. 2005) ("Generally, a party waives any issue raised on appeal where the party fails to develop a

cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied*.

[10] The crux of Harris's argument appears to be that, although he pled guilty under the original Plea Agreement, the court did not accept his guilty plea under the Amended Plea Agreement and accordingly his sentence thereunder is invalid. His arguments, in effect, ask this court to withdraw his guilty plea.

[11] We begin by observing that, generally, "[i]n Indiana . . . it is well-settled that a person who pleads guilty cannot challenge his convictions by means of direct appeal[.]" *Robey v. State*, 7 N.E.3d 371, 383 (Ind. Ct. App. 2014) (citing *Kling v. State*, 837 N.E.2d 502, 504 (Ind. 2005)), *trans. denied*. "One consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal." *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind. 1996). Instead, post-conviction relief is the proper vehicle for pursuing this type of claim. *See id.* at 396 (rejecting a defendant's challenge to the factual basis supporting his guilty plea to an habitual offender enhancement on direct appeal).

[12] To the extent that Harris's motion constitutes a motion to withdraw his guilty plea, we observe that Ind. Code § 35-35-1-4(c) provides in relevant part as follows:

> For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever:
>
> > (1) the convicted person was denied the effective assistance of counsel;

(2) the plea was not entered or ratified by the convicted person;

(3) the plea was not knowingly and voluntarily made;

(4) the prosecuting attorney failed to abide by the terms of a plea agreement; or

(5) the plea and judgment of conviction are void or voidable for any other reason.

[13] A motion to set aside a guilty plea under Ind. Code § 35-35-1-4(c) is treated as a petition for post-conviction relief. *State v. Oney*, 993 N.E.2d 157, 161 (Ind. 2013). A trial court's ruling on a motion to withdraw a guilty plea "arrives in this court with a presumption in favor of the ruling." *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001). We will reverse the trial court only for an abuse of discretion. *Id.* In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at the guilty plea hearing to decide whether the plea was offered "freely and knowingly." *Id.*

[14] In his reply brief, Harris appears to suggest that withdrawal is necessary to correct a manifest injustice under subparagraphs (3) and (5). We cannot say that Harris demonstrated a manifest injustice and conclude that any alleged error was invited. The invited error doctrine forbids a party to take advantage of an error that he "commits, invites, or which is the natural consequence of [his] own neglect or misconduct." *Nichols v. State*, 55 N.E.3d 854, 862 (Ind. Ct.

App. 2016) (quoting *Brewington v. State*, 7 N.E.3d 946, 975 (Ind. 2014) (quoting *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005)), *reh'g denied*, *cert. denied*, 135 S. Ct. 970, *reh'g denied*), *trans. denied*. As detailed in the transcript, at the August 27, 2015 hearing the trial court identified an issue it had with the Plea Agreement regarding credit time and stated that, based on this provision, it was inclined to reject the agreement. Harris's defense counsel responded that it was not his intent to cause an issue with the Plea Agreement. The court asked defense counsel to decide whether to make a motion to continue the hearing to give the parties an opportunity to amend the Plea Agreement or else the court would reject the Plea Agreement, and defense counsel, following a conference with Harris, moved the court to continue the hearing for the purpose of amending the Plea Agreement. The court granted Harris's motion. On September 9, 2014, the parties filed the Amended Plea Agreement, which was signed by Harris. At the September 14, 2015 hearing, the court asked defense counsel "does the defendant as well as you as his legal counsel, note for the record that this is your amended plea agreement?" Transcript at 22. Defense counsel responded: "We would in fact say this is the amended plea agreement Judge." *Id.* Harris personally testified at the hearing, and he did not make any comments purporting to show that he was not in favor of pleading guilty pursuant to the Amended Plea Agreement. We conclude that Harris invited any error with respect to the court's decision to sentence him pursuant to the Amended Plea Agreement and that he has not shown a manifest injustice in need of correction.

## *Conclusion*

For the foregoing reasons, we affirm the trial court's denial of Harris's Motion for Vacating Plea Agreement and Habeas Corpus.

Affirmed.

Vaidik, C.J., and Bradford, J., concur.