## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 16 2017, 9:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Raul Gonzales,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 16, 2017

Court of Appeals Case No.
49A02-1610-CR-2352

Appeal from the Marion Superior Court

The Honorable Christina R. Klineman, Judge

Trial Court Cause No.
49G17-1602-F6-7995

**Najam, Judge.**

# Statement of the Case

Raul Gonzales appeals his conviction for battery, as a Class B misdemeanor, following a bench trial. He raises one issue on appeal, namely, whether the State presented sufficient evidence to support his conviction. We affirm.

# Facts and Procedural History

On February 29, 2016, Gonzales returned to the Indianapolis residence he had shared off-and-on for the previous four years with his wife, Paulina Gutierrez, and their three minor children. When Gonzales arrived at the residence, Gutierrez and the children were there and Gonzales started an argument with Gutierrez in which he yelled, cursed at her, and accused her of taking the keys to his truck. Gonzales also threw boxes off of the counter as he looked for the keys and continued to yell at Gutierrez. Gonzales demanded that Gutierrez leave because his girlfriend was coming over to the house, and he yelled that Gutierrez had no right to be at the house.

Gutierrez went upstairs to put their one-year-old child to bed and, when she came back downstairs, Gonzales' girlfriend, Harley Baxter, was sitting at the kitchen table. Gutierrez asked Baxter to leave and asked Gonzales to have Baxter leave. When Baxter did not leave, Gutierrez called the police. The police arrived approximately ten minutes later, but they did not force Baxter to leave since she was Gonzales' guest at the residence. Gutierrez then went upstairs to pack some belongings so she could leave and take the children to the home of Gloria Telles, Gonzales' aunt, or the home of Gutierrez's mother.

Gutierrez did not have a car, so she called Telles to ask for a ride. While Gutierrez waited on the stairs for Telles to arrive, Gonzales continued to yell at Gutierrez and called her a bad mother.

[4]     When Telles arrived, Guiterrez went to the front door while the children waited in the living room. Gonzales was angry and loud, and he argued with Telles at the front door. Gonzales told Telles that Gutierrez had to be the one to leave, Telles had no right to be there, and the dispute was none of Telles' business. Gonzales then grabbed Gutierrez by the shoulders with both hands and forcefully pushed her out of the front door. Gutierrez held onto Gonzales' shirt to prevent herself from falling while he pushed her. Gonzales went back inside to grab Telles, and he pushed Telles out of the front door as well. Gonzales then went inside the residence and locked the door. Gutierrez tried to open the door to get the three children, but she was unable to do so. Gutierrez then called the police again, and when the police arrived for the second time, they arrested Gonzales.

[5]     On February 29, 2016, the State charged Gonzales with Count I, domestic battery, as a Level 6 felony; Count II, battery in the presence of a child, as a Level 6 felony; Count III, domestic battery, as a Class A misdemeanor; and Count IV, battery resulting in bodily injury, as a Class A misdemeanor. Following a bench trial on September 12, 2016, the trial court found Gonzales guilty of battery, as a Class B misdemeanor, as a lesser included offense under Count II, and it acquitted Gonzales of all other charges. This appeal ensued.

# Discussion and Decision

[6] Gonzales contends that the State failed to provide sufficient evidence to support his conviction. Because he appeals a judgment entered by the trial court without a jury, we employ a clearly erroneous standard of review and give "due regard . . . to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A).

> Under th[e clearly erroneous] standard we review only for sufficiency of the evidence. *State v. Oney*, 993 N.E.2d 157, 161 (Ind. 2013). "We neither reweigh the evidence nor determine the credibility of witnesses." *Id*. "We consider only the probative evidence and reasonable inferences supporting the judgment and reverse only on a showing of clear error." *Id*. Clear error is "that which leaves us with a definite and firm conviction that a mistake has been made." *Id*. (citation omitted).

*Hitch v. State*, 51 N.E.3d 216, 226 (Ind. 2016).

[7] To prove Gonzales engaged in battery, as a Class B misdemeanor, the State was required to prove beyond a reasonable doubt that: (1) Gonzales, (2) knowingly or intentionally, (3) touched Gutierrez, (4) in a rude, insolent, or angry manner. Ind. Code § 35-42-2-1(c)(1) (2016). The evidence favorable to the judgment shows that, after arguing with and yelling at Gutierrez, Gonzales knowingly grabbed Gutierrez by the shoulders using both of his hands and pushed her "hard" and "strongly" out of the front door of the residence. Tr. Vol. II at 22, 49. Both Gutierrez and Telles testified that they witnessed as much. That is sufficient evidence to support Gonzales' battery conviction. *See, e.g.*, *Bailey v.*

*State*, 907 N.E.2d 1003, 1005-06 (Ind. 2009); *Ball v. State*, 945 N.E.2d 252, 258 (Ind. Ct. App. 2011), *trans. denied*.

[8]     However, Gonzales contends that his actions were taken in self-defense and/or in defense of Baxter and that the State failed to provide sufficient evidence to rebut his claim of self-defense. To prevail on a claim of self-defense in a case that does not involve deadly force, the defendant must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) was protecting himself from what he reasonably believed to be the imminent use of unlawful force. *Dixson v. State*, 22 N.E.3d 836, 839 (Ind. Ct. App. 2014) (citing I.C. § 35-41-3-2(c)), *trans. denied*. Here, Gonzales testified that Gutierrez pushed and grabbed him first while she was trying "to get to [Baxter]" and that he only grabbed and pushed Gutierrez in response to her actions and in defense of himself and Baxter. Tr. Vol. II at 74-76. Gonzales also testified that the residence was his, and no one contends that he did not have a right to be at the residence. Thus, Gonzales provided some evidence of each of the three elements of self-defense.

[9]     "When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements" beyond a reasonable doubt, *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002), but it can rebut or disprove the claim of self-defense by affirmatively showing the defendant did not act in self-defense or by simply relying on the evidence in its case-in-chief, *Carroll v. State*, 744 N.E.2d 432, 433-34 (Ind. 2001). The standard of review for a challenge to the sufficiency of the evidence rebutting a claim of

self-defense is the same as the standard for any sufficiency of the evidence claim. *Wilson*, 770 N.E.2d at 800. "A defendant's conviction will be upheld unless no reasonable person could say that the State negated the self-defense claim beyond a reasonable doubt." *Wilcher v. State*, 771 N.E.2d 113, 116 (Ind. Ct. App. 2002), *trans. denied*.

[10] As previously noted, both Gutierrez and Telles testified that they witnessed Gonzales grab Gutierrez by the shoulders using both of his hands and push her forcefully out of the front door of the residence. Gutierrez also testified that she and Gonzales were in a purely verbal argument prior to that point. Thus, the State provided sufficient evidence that Gonzales was the person who instigated the violence, thereby negating Gonzales' self-defense claim. *Dixson*, 22 N.E.3d at 839. Although Gonzales testified that Gutierrez pushed and grabbed him first, the trial court was under no obligation to credit his testimony. *See, e.g.*, *Wilcher*, 771 N.E.2d at 116. Gonzales' assertions to the contrary are merely requests that we reweigh the evidence and assess the witnesses' credibility, which we cannot do. *Wilson*, 770 N.E.2d at 801. The evidence favoring the judgment was sufficient to rebut Gonzales' claim of self-defense.

[11] Affirmed.

Bailey, J., and May, J, concur.