## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 16 2017, 9:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amy D. Griner
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael W. Simpson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 16, 2017 <br><br> Court of Appeals Case No. 20A03-1607-CR-1741 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable Gretchen S. Lund, Judge <br><br> Trial Court Cause No. 20D04-1509-CM-1483 |

**Najam, Judge.**

# Statement of the Case

[1] Michael W. Simpson appeals his conviction, following a bench trial, for battery, as a Class A misdemeanor. He raises one issue on appeal, namely, whether the State presented sufficient evidence to support his conviction. We affirm.

# Facts and Procedural History

[2] On June 10, 2015, Theodore Fuentes was at his girlfriend Rachel Grove's apartment. Grove had previously dated Zachary Garrett ("Zachary"), but she began dating Fuentes some time before June 10. At approximately 9:30 p.m., Fuentes was lying on Grove's couch in the living room playing on his cell phone as Grove put her daughter to bed in the nearby bedroom. Light was coming into the apartment from an exterior light and waning daylight.

[3] While Fuentes was on the couch, Zachary entered the apartment, ran over to him, and began to punch him in the face. Fuentes and Zachary scuffled for about thirty seconds until Zachary's sister, Lesley Garrett ("Lesley"), and Simpson ran in and began attacking Fuentes as well. During the ensuing fight Zachary placed Fuentes in a headlock while Leslie and Simpson repeatedly hit, scratched, punched, and kicked Fuentes. Grove heard the commotion, ran into the living room, and saw Simpson, Zachary, and Lesley attacking Fuentes. Grove attempted to pull Simpson, Zachary, and Lesley off of Fuentes. Grove then ran to her daughter's bedroom and said she was going to call the police, which allowed Fuentes an opportunity to run out of the apartment. Grove

watched as Fuentes ran out of her apartment to find the security guard and call 9-1-1 while his attackers ran in the opposite direction. As a result of the attack, Fuentes sustained numerous injuries including a bloody nose, swollen lip, black eye, and numerous bruises, scratches, and abrasions on his head and face. Physical evidence of the attack was left in the living room as Fuentes had bled on the floor during the attack and the furniture was knocked around.

[4] The State charged Simpson with battery, as a Class A misdemeanor, and the trial court held a bench trial on June 6, 2016. Fuentes testified that he had seen Simpson attack him but he had not known Simpson or his name at the time of the attack and had not seen him before the attack. Fuentes had later learned Simpson's name from Grove, and he had identified Simpson in a photo array that Detective Miller of the Goshen Police Department had shown him approximately one month after the attack. Detective Miller had shown Fuentes a total of three separate photo lineups containing suspects. In one of the lineups Fuentes had identified Simpson. In an additional photo lineup Fuentes had identified Zachary. At trial, the State mistakenly entered the lineup with Zachary, instead of the lineup with Simpson, into evidence as Exhibit 10. Fuentes positively identified Simpson during the bench trial.

[5] Grove testified that she had known Simpson for approximately seven-and-one-half years before the attack and had seen him regularly one to two times per month over that time span. She testified that, on June 10, 2015, she had seen Simpson, Zachary, and Leslie attacking Fuentes and that, while she had tried to

pull them off of Fuentes, she had been "standing right in front of" Simpson, "less than a foot away," and had been able to see his face. Tr. at 35-36.

[6] The trial court found Simpson guilty of battery, as a Class A misdemeanor, and sentenced him accordingly. This appeal ensued.

## Discussion and Decision

[7] Simpson contends that the State failed to provide sufficient evidence to support his conviction. Because he appeals a judgment entered by the trial court without a jury, we employ a clearly erroneous standard of review and give "due regard . . . to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A).

> Under th[e clearly erroneous] standard we review only for sufficiency of the evidence. *State v. Oney*, 993 N.E.2d 157, 161 (Ind. 2013). "We neither reweigh the evidence nor determine the credibility of witnesses." *Id*. "We consider only the probative evidence and reasonable inferences supporting the judgment and reverse only on a showing of clear error." *Id*. Clear error is "that which leaves us with a definite and firm conviction that a mistake has been made." *Id*. (citation omitted).

*Hitch v. State*, 51 N.E.3d 216, 226 (Ind. 2016).

[8] To prove Simpson engaged in battery, as a Class A misdemeanor, the State was required to prove beyond a reasonable doubt that: (1) Simpson, (2) knowingly or intentionally, (3) touched Fuentes, (4) in a rude, insolent, or angry manner, (5) which resulted in bodily injury. Ind. Code § 35-42-2-1(b)(1), (c) (2015). Simpson does not dispute that Fuentes was touched in a rude, insolent, or

angry manner which resulted in bodily injury. He contends only that there was insufficient evidence that he was one of the people who committed the battery.

[9] We cannot agree. There is ample evidence in the record that Simpson battered Fuentes. Both Fuentes and Grove positively identified Simpson as one of the attackers. Fuentes testified that he saw Simpson attacking him, although he did not know who Simpson was at the time of the attack. Fuentes identified Simpson as one of the attackers both in a photo lineup and at the trial. Grove also testified that she saw Simpson attack Fuentes and that she was standing less than one foot in front of Simpson at one point during the attack, at which point she saw Simpson's face. She also testified that she knew Simpson well prior to the attack, having seen him one to two times a month for the previous seven and a half years. The testimony of the two eye-witnesses who positively identified Simpson as one of the people who battered Fuentes is sufficient evidence of Simpson's identity.

[10] Nonetheless, Simpson contends that the evidence of his identity was insufficient because Fuentes' and Grove's testimony was "incredibly dubious" in light of the mistaken photo array evidence. Appellant's Br. at 7. However, application of the "incredible dubiosity rule . . . is limited to cases where a *sole* witness presents inherently contradictory testimony which is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the defendant's guilt." *Majors v. State*, 748 N.E.2d 365, 367 (Ind. 2001) (emphasis added). Because Simpson's conviction was not based on the testimony of only one witness, the incredible dubiousity rule is inapplicable. Moreover, Fuentes'

and Grove's testimony was not contradictory, equivocal, or coerced. Both eye-witnesses positively identified Simpson as one of the attackers. And there is no support in the record for Simpson's contention that Fuentes identified him in person at trial and then misidentified Zachary as Simpson in State's Exhibit 10. Rather, Fuentes was not asked to, and did not, identify at trial who the individual was in State's Exhibit 10.

[11] Simpson further asserts that Fuentes "testified to what he thought he was supposed to say, or that he was told to say, instead of information he actually knew" and that Fuentes and Grove "colluded" with each other regarding Simpson's identity. Appellant's Br. at 9. However, he points to no evidence to support those assertions. Moreover, the trial court specifically noted that it had "carefully weighed the credibility of the witnesses," had "carefully viewed the [witnesses'] mannerisms . . . [and] demeanor," and had considered the "consistency" of the witnesses' testimony. Appellant's App. at 23-24. Having done so, the trial court found "that the testimony of Mr. Fuentes and Ms. Grove is consistent" and that the State had proven beyond a reasonable doubt that Simpson was guilty of battery. *Id*. at 24. Simpson's contentions to the contrary are simply requests for this court to reweigh the evidence, which we will not do. The State presented sufficient evidence to support Simpson's conviction and the trial court's findings and judgment were not clearly erroneous.

[12] Affirmed.

Bailey, J., and May, J, concur.