# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 28 2017, 10:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Cathy Byrd,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 28, 2017

Court of Appeals Case No.
49A05-1610-CR-2358

Appeal from the Marion Superior Court

The Honorable Steven J. Rubick, Magistrate

Trial Court Cause No.
49G19-1511-CM-40815

**Najam, Judge.**

# Statement of the Case

[1] Cathy Byrd appeals her conviction, following a bench trial, for criminal mischief, as a Class A misdemeanor. She raises one issue on appeal, namely, whether the State presented sufficient evidence to support her conviction. We affirm.

# Facts and Procedural History

[2] Byrd was married to Warren Morphis. After they divorced, they remained friendly. Morphis then began dating Thelma Thomas. Byrd knew that Morphis was dating Thomas because Byrd used to attend the same church as Thomas. Byrd had had one argument with Thomas in early 2014 after Thomas and Morphis began dating.

[3] At around 8:00 p.m. on June 9, 2015, Thomas parked her red 2006 Chevrolet Cobalt in Morphis' driveway. There was nothing wrong with Thomas' car when she arrived. Morphis let Thomas into his house by the front door, but he did not inspect Thomas' car at that time.

[4] Morphis did not see anyone else enter his driveway prior to around midnight, when Byrd parked her car in the driveway next to Thomas' car. Byrd went to the window of the computer room of Morphis' house, and she saw Morphis on the computer. The window of the computer room faces the driveway. Byrd knocked on the window to get Morphis' attention. At that time, Thomas was asleep in the bedroom. Byrd and Morphis spoke through the window about text messages Byrd claimed Morphis sent her, and Byrd began to argue with

Morphis. Byrd yelled for the "b----" and the "whore" to come outside. Tr. at 5-6, 17, 19, 26. Byrd then removed the screen from Morphis' window and tried to climb inside, but she could not fit through the window. Morphis told Byrd he was calling the police and went to the kitchen to retrieve his phone.

[5] The driver's side of Thomas' car faced the area of the house where Byrd had been standing at the window of the computer room. When Morphis returned to the window, he saw Byrd standing between her car and Thomas' car. Morphis then saw Byrd get into her own car and drive away. Thomas, who had awoken when she heard Byrd yelling, also saw Byrd drive away. After Byrd left, Morphis went outside with a flashlight and noticed that Thomas' car had scratches on the trunk and the rear door on the driver's side of the car. The police arrived and took photographs of the damage to Thomas' car. Thomas subsequently took her car to Blossom Chevrolet, where it cost approximately $1200 to have the car repaired. Of that amount, Thomas paid a $250 insurance deductible and the remainder was covered by her insurance. Later, Morphis asked Byrd, in reference to the scratches on Thomas' car, "'[W]hy did you do that.' And she said, 'I don't know.'" Tr. at 24.

[6] The State charged Byrd with criminal mischief, as a Class A misdemeanor. Following the close of the State's case at an August 8, 2016, bench trial, Byrd moved for a directed verdict, which the trial court denied. Byrd then testified. The trial court found Byrd guilty as charged and sentenced her to two days in jail, time served, and ordered her to pay $250 in restitution to Thomas. This appeal ensued.

# Discussion and Decision

Byrd contends that the State failed to provide sufficient evidence to support her conviction. Because she appeals a judgment entered by the trial court without a jury, we employ a clearly erroneous standard of review and give "due regard . . . to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A).

> Under th[e clearly erroneous] standard we review only for sufficiency of the evidence. *State v. Oney*, 993 N.E.2d 157, 161 (Ind. 2013). "We neither reweigh the evidence nor determine the credibility of witnesses." *Id*. "We consider only the probative evidence and reasonable inferences supporting the judgment and reverse only on a showing of clear error." *Id*. Clear error is "that which leaves us with a definite and firm conviction that a mistake has been made." *Id*. (citation omitted).

*Hitch v. State*, 51 N.E.3d 216, 226 (Ind. 2016).

To prove Byrd engaged in criminal mischief, as a Class A misdemeanor, the State was required to prove beyond a reasonable doubt that: (1) Byrd (2) recklessly, knowingly, or intentionally (3) damaged or defaced (4) Thomas' car (5) without Thomas' consent, (6) causing (7) a pecuniary loss of at least seven hundred fifty dollars but less than fifty thousand dollars. Ind. Code § 35-43-1-2(a)(1) (2015). On appeal, Byrd challenges the sufficiency of the evidence with respect to two of these elements, namely, whether she was the person who damaged Thomas' car and whether Thomas suffered a pecuniary loss of at least $750. We address each contention in turn.

[9] Although no witness actually observed Byrd scratch Thomas' car, there was ample circumstantial evidence from which it was reasonable to infer that Byrd was the person who caused the damage to the car. "A verdict may be sustained based on circumstantial evidence alone if that circumstantial evidence supports a reasonable inference of guilt." *Maul v. State*, 731 N.E.2d 438, 439 (Ind. 2000) (citation omitted). And although presence at the crime scene alone cannot sustain a conviction, "presence at the scene in connection with other circumstances tending to show participation, such as companionship with the one engaged in the crime, and the course of conduct of the defendant before, during, and after the offense, may raise a reasonable inference of guilt." *Willis v. State*, 27 N.E.3d 1065, 1068 (Ind. 2015).

[10] Here, the evidence most favorable to the judgment shows that: Byrd had had a confrontation with Thomas once in the past; Thomas' car was not scratched when she parked it in Morphis' driveway at 8:00 p.m. on June 9, 2015; no one was seen entering Morphis' driveway between 8:00 p.m. until around midnight, when Morphis saw Byrd park next to Thomas' car in Morphis' driveway; Byrd went to the window of Morphis' computer room, which faced the driveway, and spoke with Morphis; Byrd became agitated, called Thomas a "b----" and a "whore," and yelled for Thomas to come outside; Byrd removed Morphis' window screen in an attempt to enter his home uninvited; Morphis told Byrd to leave or he would call the police; Morphis left the computer room to retrieve his phone from the kitchen; the driver's side of Thomas' car faced the area of the house where Byrd had been standing at the window of the computer room;

when Morphis returned to the computer room, he saw Byrd standing in between her car and Thomas' car; after Byrd left, Morphis saw that Thomas' car was scratched on the driver's side and the trunk; and when Morphis later asked Byrd, "why did you do that" in reference to Thomas' scratched car, Bryd answered, "I don't know." Tr. at 24. That was sufficient evidence from which the trial court could reasonably infer that Byrd scratched Thomas' car. Byrd's contentions to the contrary are simply requests that we reweigh the evidence and determine the credibility of the witnesses, which we will not do. *Hitch*, 51 N.E.3d at 226.

[11]    Byrd also asserts that the State presented insufficient evidence that the amount of the damage to Thomas' car was at least $750 but less than $50,000. Again, we cannot agree. Thomas testified that she had her car repaired and that the cost of the repairs was "about twelve hundred, thirteen hundred dollars." Tr. at 11. Byrd presented no contrary evidence. It was within the trial court's discretion to credit Thomas' testimony, and that testimony was sufficient evidence that the amount of the damage to Thomas' car was at least $750. *See, e.g.*, *Womack v. State*, 738 N.E.2d 320, 325 (Ind. Ct. App. 2000) (finding sufficient evidence that damage exceeded statutory threshold where victim and another witness testified to that fact and defendant provided no evidence to the contrary), *trans. denied*. And once it is established that the amount of damage is over the statutory threshold, "the exact amount is irrelevant in completing that element of the crime." *Mitchell v. State*, 559 N.E.2d 313, 314 (Ind. Ct. App.

1990), *trans. denied*. The State presented sufficient evidence to support Byrd's conviction.

[12] Affirmed.

Riley, J., and Bradford, J., concur.